IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-21040

Summary Calendar
_____


In The Matter Of:  HARVEN MICHAEL MCKENZIE,

                                        Debtor.
-------------

HARVEN MICHAEL MCKENZIE,

                                        Appellant,

v.

KUKUI INCORPORATED; W STEVE SMITH, Trustee,

                                        Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3311)
_____
July 16, 1998
Before KING, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Harven Michael McKenzie filed a Chapter 7 bankruptcy

petition.  His discharge was contested by Kukui, Incorporated,

and by the Trustee, W. Steve Smith.  The bankruptcy court entered

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment denying McKenzie a discharge.  McKenzie appealed the judgment to the district court.  The district court dismissed his appeal and McKenzie now appeals the district court's dismissal. We vacate the district court's judgment.

## I.    FACTS AND PROCEDURAL HISTORY

In October 1995, McKenzie filed a Chapter 7 bankruptcy petition.  Kukui, Incorporated and Trustee W. Steve Smith (collectively, Kukui) filed an adversary proceeding objecting to McKenzie's discharge.  On September 18, 1997, the bankruptcy court entered final judgment denying McKenzie's discharge.

On September 24, 1997, McKenzie timely filed a notice of appeal.  On October 2, 1997, McKenzie filed an emergency motion to extend the time to file his designation of record.  The district court denied the motion for an extension of time the next day.  On October 6, McKenzie timely filed his designation of record.  On October 8, McKenzie filed a motion for extension of time to file his appellate brief.  The district court denied the motion for an extension of time the next day.

On October 8, McKenzie called the clerk's office and the transcription service regarding trial transcripts to be included in the designated record, as is required by Bankruptcy Rule 8006. According to a series of affidavits, the transcript order form, which was promptly submitted to the clerk's office by McKenzie, was not forwarded by the clerk's office to the transcription

2

service, nor were alleged deficiencies in the form called to McKenzie's attention for correction. In short, the form simply sat in the "trouble basket" in the clerk's office. McKenzie discovered nearly five weeks later that the order had never been forwarded to the transcription service. On November 19, McKenzie resubmitted his trial transcript order form to the clerk's office. On November 20, 1997, the district court dismissed McKenzie's appeal based on his failure to timely file an appellate brief pursuant to Bankruptcy Rule 8009, giving no further reasons.

## II. DISCUSSION

In reviewing actions of the district court acting in its appellate capacity, several different standards of review may govern our decision, depending on the nature of the holdings reviewed. See HECI Exploration Co. v. Holloway (In re HECI Exploration Co.), 862 F.2d 513, 518 (5th Cir. 1988). We review the district court's disposition of questions of law de novo. See United States v. Kolstad (In re Kolstad), 928 F.2d 171, 173 (5th Cir. 1991). Where the disputed holding involves a matter that is within the district court's discretion, we will affirm the judgment of a district court acting in its appellate role unless the court has clearly abused its discretion. See In re HECI Exploration Co., 862 F.2d at 518. The determination of the appropriate sanction for a party's violation of the Bankruptcy

3

Rules related to appeal of the bankruptcy court's final orders is a matter within the district court's discretion; we therefore review this determination for an abuse of discretion. <u>See Pyramid Mobile Homes, Inc. v. Speake (In re Pyramid Mobile Homes, Inc.)</u>, 531 F.2d 743, 746 (5th Cir. 1976); <u>see also Resolution Trust Corp. v. SPR Corp. (In re SPR Corp.)</u>, 45 F.3d 70, 73-74 (4th Cir. 1995); <u>see also</u> 10 COLLIER ON BANKRUPTCY ¶ 8001.06[2] (Lawrence P. King et al. eds., 15th ed. rev. 1998) ("Under the plain language of the second sentence of Rule 8001(a), the district court . . . may dismiss the appeal (or impose lesser sanctions) if no designation is forthcoming, if no brief is filed, or if the appellant fails to take any of the other steps . . . in Part VIII of the Bankruptcy Rules. . . . The severity of the sanction rests in the sound discretion of the court, in light of all the circumstances, which may include the substantiality of the questions presented on appeal, prejudice to the appellee or want of it, and the *bona fides* of the appellant.")

## A. Perfection of Appeal

Because both parties argue specific provisions of the Bankruptcy Rules, the starting point of our analysis is an examination of the language of the pertinent rules. Bankruptcy Rules 8001 through 8009 govern the timing of the basic documents necessary to perfect an appeal from a bankruptcy court's judgment or order. Rules 8001 and 8002 require the appellant to file

4

notice of appeal with the bankruptcy clerk within ten days of the entry of the final judgment or order.  See FED. R. BANKR. P. 8001, 8002.  Rule 8006 requires the appellant to file a record designation and statement of issues on appeal within ten days of the clerk's filing of the notice, and also to submit a written request to the court reporter "immediately" should trial transcripts be needed.  See FED. R. BANKR. P. 8006.  Rule 8007(a) requires the reporter to acknowledge and forward the trial transcript request to the district court clerk with an estimated date of completion.  Rule 8007(b) requires the bankruptcy clerk to forward a copy of the record to the district court clerk once the record is complete.  See FED. R. BANKR. P. 8007.  The district court clerk is then responsible for docketing the appeal and providing notice to all concerned parties.  See id.  Rule 8009 requires the appellant to serve and file the appellate brief within fifteen days of the entry of the appeal on the docket, pursuant to Rule 8007.  See FED. R. BANKR. P. 8009.

## B.  Analysis

McKenzie argues that the district court erred in dismissing the appeal based on his failure to file an appellate brief because the brief was not yet due.[1]  In support of this argument,

---

[1]     McKenzie also contends that the district court abused its discretion in denying his motion to extend time to file a brief, and that the district court's dismissal of his appeal deprived him of his right to due process.  Because we conclude that the district court's dismissal of McKenzie's appeal was improper, we need not address these claims.

5

McKenzie asserts that the Bankruptcy Rules regarding the perfection of an appeal operate in a specific sequence. Dismissal cannot be premised on the failure to timely file the appellate brief when the obligation to file that brief has not yet been triggered under the rules.

Kukui contends that because McKenzie himself caused the delays in fulfilling the requirements of the preceding Bankruptcy Rules, he should not be allowed to prevent a sanction imposed under Rule 8009. Kukui further contends that even if the district court did improperly rely on Rule 8009 in dismissing the appeal, the judgment should be affirmed if some other basis in the record justifies dismissal. In support of this argument, Kukui contends that McKenzie's failure to adhere to the procedural requirements of Rule 8006 and other rules warrants discretionary dismissal pursuant to Rule 8001(a).[2] We must thus determine whether the district court abused its discretion in dismissing McKenzie's appeal based upon its purported violation of Rule 8009 and, if so, whether the dismissal can nevertheless be affirmed on grounds not relied upon by the district court.

In order to file a bankruptcy appeal, the parties and various court officials must carry out certain duties prescribed

---

[2]  Bankruptcy Rule 8001(a) provides, in part:  "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground [for] . . . dismissal of the appeal."  See FED. R. BANKR. P. 8001.

6

by the Bankruptcy Rules.  See <u>Jewelcor Inc. v. Asia Commercial Co. (In re Jewelcor)</u>, 11 F.3d 394, 397-98. (3d Cir. 1993).  Rule 8009 sets the appellant's 15-day time period for filing his brief, specifically indicating that such period begins to run "<u>after entry of the appeal on the docket</u> pursuant to Rule 8007."  See FED. R. BANKR. P. 8009 (emphasis added).  Rule 8007 establishes the procedure for docketing an appeal in the district court; the completed record must be forwarded to the district court clerk, who must enter the appeal on the docket and give notice of the docketing date to the parties concerned.  Without these mandatory actions, an appeal is not docketed "pursuant to Rule 8007."  See <u>In re Jewelcor</u>, 11 F.3d at 398 (describing compliance with Rule 8007 as a condition precedent to commencement of the brief-filing period); <u>see</u> <u>also</u> 10 COLLIER ON BANKRUPTCY ¶ 8007.04 (Lawrence P. King et al., eds., 15th ed. rev. 1998) ("[The district court] clerk is to enter the appeal in the docket . . . .  It is the docketing which commences the running of the period within which briefs are to be filed."); <u>see</u> <u>also</u> WILLIAM L. NORTON, JR., BANKRUPTCY RULES 561 editor's comments (1997-1998) (same).

Although the facts surrounding the delay in transcript preparation and record transmission are disputed, it is clear from the record that the appeal was never docketed, the district court clerk's required notice of docketing was never sent, and therefore the briefing period did not begin to run.  The plain

7

language of Rules 8007 and 8009 therefore indicates that McKenzie's brief was not yet due.  Consequently, dismissal predicated solely on McKenzie's failure to file a brief was erroneous under the circumstances.

Although this court can defer to the district court's discretionary sanction of dismissal, it cannot do so when dismissal is based upon an inapplicable bankruptcy rule.  A lower court necessarily abuses its discretion when it bases a ruling on an erroneous view of the law.  See Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990)).  Because the dismissal cannot reasonably be premised on Rule 8009, we find that the district court abused its discretion in so holding.

Dismissal of a bankruptcy appeal is an extremely severe sanction.  See International Bhd. of Teamsters v. Braniff Airways, Inc. (In re Braniff Airways), 774 F.2d 1303, 1305 (5th Cir. 1985) (describing dismissal as a "penalty of last resort"); see also DANIEL R. COWAN, BANKRUPTCY LAW & PRACTICE § 18.6, at 530 (6th ed. 1994) (describing dismissal for failure to file brief as "severe").  It should be a sanction reserved for the most egregious of situations.  See In re Braniff Airways, 774 F.2d at 1304 (affirming the district court's dismissal where the appellant had not filed its brief over a year and a half after docketing of the appeal); see also In re Pyramid Mobile Homes, Inc., 531 F.2d at 746 (affirming the district court's dismissal

8

where no effort was made to comply with the Bankruptcy Rules four months after filing the appeal). This court has set a high standard for discretionary dismissal, condoning it where imposed "only after clear delay or contumacious conduct by the plaintiff and a finding that lesser sanctions would not cure the problem." In re Braniff Airways, 774 F.2d at 1305. Here, the district court made no finding as to why lesser sanctions could not remedy McKenzie's purported violation of Rule 8009.

Kukui additionally argues that the district court's judgment can be upheld regardless of erroneous reasoning as long as another ground in the record justifies dismissal. Kukui suggests that McKenzie violated Rule 8006 by failing to submit a request for a transcript to the clerk's office immediately and that this is an adequate alternative ground for upholding the dismissal. We disagree.

There was no district court finding as to violations of other Bankruptcy Rules in this case, and it is inappropriate for this court to make the factual determinations attendant to determining whether McKenzie violated other Bankruptcy Rules. We can say that, judging solely from the "cold" affidavits, the blame for the delay in processing McKenzie's transcript order form may not belong solely on McKenzie. In view of the added delay that has occurred by reason of this appeal, it seems to us that the best thing for all concerned would be to get on with the appeal of the important issue that McKenzie is challenging--the

9

denial of his discharge--rather than to engage in the fact-finding and blame-placing about a considerably less important issue that would have to occur to support another dismissal of the appeal.

### III.   CONCLUSION

For the foregoing reasons, we VACATE the district court's judgment dismissing McKenzie's appeal.  The costs of this appeal shall be borne by the appellees.