REVISED - September 22, 2000

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20576

_____

In The Matter Of:  CPDC INC

                                 Debtor
------------------------------------------------------------------

JOSEPH ZER-ILAN; IDEAL SYSTEMS INC

                                 Appellants

        v.

GARY FRANKFORD; BEN B FLOYD

                                 Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

August 3, 2000

Before KING, Chief Judge, and GARWOOD and DeMOSS, Circuit Judges.

KING, Chief Judge:

    Appellants Joseph Zer-Ilan and Ideal Systems, Inc. appeal

from the district court's dismissal of their bankruptcy appeal.

Because we find that the district court abused its discretion, we

reverse the district court's judgment and reinstate the appeal.


I.  FACTUAL AND PROCEDURAL BACKGROUND

CPDC, Inc. ("CPDC") is a Texas corporation. In May 1995, CPDC filed for Chapter 11 protection in the United States Bankruptcy Court for the Southern District of Texas. On September 11, 1995, Appellants Joseph Zer-Ilan and Ideal Systems, Inc. ("Ideal Systems") (collectively, "Appellants") each filed a proof of claim for an approximately $2.4 million secured claim.[1] The claim was based on a series of transactions between Ronald Sexton, CPDC's director and president (who also owned one-third of CPDC's stock), and Zer-Ilan that occurred in August 1994.[2]

On August 23, 1996, Appellee Gary Frankford, as creditor and representative of CPDC, instituted an adversary proceeding to determine the allowability of Appellants' claim pursuant to 11 U.S.C. § 502. Appellee Ben Floyd, the bankruptcy trustee for CPDC (collectively with Frankford, "Appellees"), intervened in the action. The first amended complaint asserted that the loan

---

[1] On October 27, 1995, Zer-Ilan filed an amended proof of claim restating the amount of the claim as "[u]ndetermined but believed to be in excess of $1,275,000.00." Ideal Systems did not file another proof of claim.

[2] These transactions were comprised, in part, of (1) a $1,075,000 secured promissory note from Sexton to Zer-Ilan executed on August 2, 1994 and modified to include CPDC as successor borrower on August 23, 1994; (2) a deed of trust executed by Sexton as grantor on behalf of Zer-Ilan on August 2, 1994 and modified to include CPDC as successor grantor on August 23, 1994; (3) a $200,000 secured promissory note executed August 2, 1994 between CPDC as pledgor and Zer-Ilan as secured party; (4) a consulting agreement dated August 2, 1994 between CPDC and Ideal Systems; and (5) a security agreement (stock pledge) dated August 2, 1994 between Sexton, Don Seerfried and Shelton Smith as pledgors and Zer-Ilan as secured party.

transactions between Zer-Ilan, Ideal Systems, CPDC, and Sexton violated Texas usury laws, and therefore that Zer-Ilan's claims should be disallowed and three times the excess interest awarded as damages. Appellees also sought to have Zer-Ilan's claim subordinated, to avoid a postpetition foreclosure sale by Zer-Ilan of real property belonging to CPDC, and to recover 199 performing notes transferred prepetition from Sexton to Zer-Ilan. Appellees also requested reasonable expenses and attorney's fees.

The parties filed cross-motions for summary judgment, both of which were denied by the bankruptcy court on November 22, 1996. The parties resubmitted their motions after discovery was completed. On September 2, 1997, the bankruptcy court granted Appellees' motion for partial summary judgment on their usury claim and denied Appellants' cross-motion. The summary judgment order disallowed Appellants' claims against the estate in their entirety and extinguished Appellants' security interests in the estate's assets. The court also dismissed Appellees' claim for equitable subordination as moot.[3] The only remaining fact question, the issue of damages, was tried before a jury. The jury determined that Appellants had provided $40,000 worth of services pursuant to the consulting agreement.

---

[3] Appellees had moved to sever and abate their equitable subordination and fraudulent conveyance claims on July 11, 1997. The court accepted the nonsuit at a status hearing held on July 24, 1997, but did not issue a separate order.

On February 3, 1999, the bankruptcy court entered a final judgment against Appellants.  In their motion for entry of final judgment, Appellees submitted a calculation of actual damages in the amount of $1,797,605.28.[4]  The court adopted Appellees' calculation and awarded them $1,797,605.28 in actual damages, $380,691.75 in attorney's fees, costs of court, and post-judgment interest to Floyd as trustee of the estate.

On February 12, 1999, Appellants filed a notice of appeal of the bankruptcy court's judgment with the clerk of the bankruptcy court.  On February 22, Appellants filed their designation of record excerpts in accordance with Federal Rule of Bankruptcy Procedure 8006.  However, Appellants failed to file a statement of issues, also required by Rule 8006, at the same time.  On February 22, Appellee Frankford also filed a notice of cross-appeal.  On March 4, Appellees filed a designation of record excerpts and statement of issues to be presented on cross-appeal. On the same day, Appellants' counsel contacted Appellees' counsel "to discuss the issues on appeal and to coordinate the preparation of the record."  According to Appellants' counsel, Appellees' attorney stated at that time that Appellees would not

---

[4]  The document attached to Appellees' motion indicated that they had arrived at this figure by adding the interest on the $1,075,000 note, the difference between the $750,000 consulting fee and the value of services rendered under that agreement, and the difference between the fair market value of the performing notes received by Zer-Ilan and the amount he paid for those notes; subtracting the maximum allowed interest on the $1,075,000 notes from this sum; and trebling the resulting $599,201.76.

designate additional record excerpts other than those previously designated for the purposes of their cross-appeal.

On March 15, Appellants' designated record excerpts were filed with the clerk of the bankruptcy court. Among the filings were five documents, four of which were volumes of trial transcripts, that had not been previously identified in the record designation. Furthermore, three documents identified on the original record designation were not included in the record excerpts presented to the clerk. A letter to the clerk accompanying the filings listed all of the record excerpts submitted to the clerk, including the transcripts. The appeal was placed on the docket of the United States District Court for the Southern District of Texas.

On March 25, 1999, Appellees filed a motion to dismiss the appeal. The motion was predicated on the fact that Appellants had failed to file a statement of the issues on appeal. On April 6, Appellants filed their statement of issues on appeal, accompanied by a motion for leave of court to file it. On the same day, Appellants filed their response to Appellees' motion to dismiss. Appellants argued that, prior to dismissing the appeal, the district court should (1) make a finding of bad faith or negligence; (2) consider whether the delay prejudiced other parties; or (3) indicate that it considered the impact of sanctions and available alternative sanctions. Appellants maintained that their counsel "innocently neglected" to file the

5

statement of issues.  They further contended that there was evidence of neither bad faith nor prejudice.  They also pointed to the fact that they had complied with the rule when notified of their dereliction.  In addition, they argued that under Fifth Circuit precedent, dismissal is a penalty of last resort, and inappropriate in their case.[5]

After receiving the statement of issues, Appellees contended in their reply brief on the motion to dismiss the appeal that the record was deficient and that they would require extra time to designate additional record excerpts.  They anticipated a delay of approximately three months, which, they claimed, increased the risk that Zer-Ilan, whose Texas assets were insufficient to satisfy the judgment, would transfer his assets out of California, where he resided.

Appellants timely filed their brief on appeal.[6]  On May 13, 1999, the district court dismissed the appeal without ruling on Appellants' motion for leave to file the statement of issues.  In

_____

[5]  Appellants also argued that dismissal was inappropriate under either Federal Rule of Bankruptcy Procedure 8001(a) or 9006(b)(1).

[6]  Appellants had received an extension of time to file their brief.  The brief was mailed on the due date, May 6, 1999, and thus was deemed timely filed pursuant to Rule 8008.  See FED. R. BANKR. P. 8008(a).  Appellants also filed a supplemental designation of materials for the record, which consisted of Appellants' brief in support of their second motion for summary judgment and a transcript of a pretrial conference before the bankruptcy court.

6

its entirety, the memorandum opinion ("Opinion on Dismissal")

read as follows:

> The Top Ten[] reasons the appeals of Joseph Zer-Ilan and Ideal Systems, Inc., must be dismissed are that they:

>> 10. Failed to file their statement of the issues for appeal on time;

>> 9. Failed to move for an extension of time to file their statement;

>> 8. Delayed six weeks to move for leave to file their statement late, and only after notification from their opposing party;

>> 7. Notified their opposing party six weeks late of their issues for appeal;

>> 6. Delivered five documents to the clerk that they failed to designate on time;

>> 5. Failed to move for an extension of time to deliver their five non-designated documents to the clerk;

>> 4. Failed to notify their opposing party that they had delivered five non-designated documents to the clerk;

>> 3. Delayed eleven weeks to move for leave to supplement their record for appeal with the five non-designated documents;

>> 2. Failed to deliver three documents to the clerk that they had designated on time; and

> the number one reason their appeal will be dismissed,

>> 1. Failed to file their appellate brief on time, after being given a 30-day extension.

On May 21, Appellants filed a motion for relief from the dismissal order/motion for rehearing. In their motion, Appellants argued, inter alia, that they had timely filed their

7

appellate brief, which negated the district court's "number one" reason for dismissing the appeal. Appellants also attached an affidavit by their lead appellate counsel, in which she asserted that the failure to file the statement of issues "was due to counsel's inadvertence," but "was not intentional and was not for purposes of delay." They also noted that the filing of a statement of issues is a requirement "peculiar to a bankruptcy appeal," which counsel had overlooked. Appellees conceded that the Appellants' brief was timely filed, but asserted that dismissal was appropriate because the district court had found nine instances of carelessness, consistently dilatory conduct, lack of candor, negligence, and bad faith by Appellants.

On May 28, 1999, the district court issued an opinion and order denying reinstatement of the appeal ("Opinion on Reinstatement"). The district court found that even though Appellants' brief was timely filed, Appellants had "repeatedly failed to follow the rules of procedure." The district court explained:

> Litigants must follow the rules, meet the deadlines, and, if necessary, ask for an extension *before* the deadline. . . .
>
> The court does not know why the appellants did and did not do anything, and it is their responsibility to meet the rules or to explain the extraordinary circumstances that interfered with their ability to meet them. Neither the court nor the appellees have the burden of proving that the failures prejudiced them. Only if there is an extraordinary circumstance,

then the significance of the prejudice is weighed to determine whether equity should intervene.

The right to an appeal is conditioned on appellants' meeting the rules. Dismissal of an appeal is not punishment; it is the natural consequence of the appellants' choices . . . .

(Emphasis in original). The district court also rejected the argument that Appellants should not be penalized for their counsel's errors. It therefore declined to reinstate the appeal. Appellants timely appeal to this court.[7]

## II. DISCUSSION

Appellants argue on appeal that the district court abused its discretion in dismissing the appeal because it failed to consider (1) the egregiousness of the conduct and the explanation offered by the offending party; (2) the equity of dismissing a client's appeal because of a lawyer's conduct; (3) the efficacy of lesser sanctions; and (4) prejudice to the appellee and bad faith by the appellant. Further, Appellants maintain that the uncontroverted record demonstrates that the late filing was neither due to bad faith nor part of a pattern of dilatory conduct, but rather the result of an inadvertent mistake of counsel. Appellants also contend that dismissal is only proper when the facts are much more egregious than those present here.

---

[7] Appellants' Notice of Appeal states that Appellants appeal both the district court's original order on dismissal, and subsequent order denying reinstatement.

Finally, they assert that Appellees suffered no prejudice. Appellees argue that the district court's decision should be affirmed because Appellants' failure to plausibly explain their breaches of procedure supports a finding of negligence, indifference, or bad faith; and because they have suffered prejudice. In the alternative, Appellees contend that Appellants waived all of their issues on appeal by failing to file a statement of issues.[8]

A.   Standard of Review

We review actions taken by the district court in its appellate role for an abuse of discretion. See In re Braniff Airways, Inc., 774 F.2d 1303, 1305 (5th Cir. 1985) (citing Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743, 746 (5th Cir. 1976) (per curiam) (internal citations omitted)). A district court abuses its discretion when its decision is based on an erroneous view of the law. See In re Sealed Appellant, 194 F.3d

_____

[8]   Appellees also argue that because Zer-Ilan was out of the country and had a bench warrant for his arrest issued by the bankruptcy court in connection with the enforcement of the underlying bankruptcy judgment after the notice of appeal had been filed with this court, this court should dismiss the appeal based on the fugitive disentitlement doctrine. Appellees filed a separate motion to dismiss the appeal advancing the same argument. Appellants argue in their reply brief that the fugitive disentitlement doctrine is inapplicable because Zer-Ilan has since appeared before the bankruptcy court and purged the contempt order. Appellees later withdrew their motion, consistent with Appellants' assertion. Consequently, we decline to address the application of the fugitive disentitlement doctrine to this appeal.

10

666, 670 (5th Cir. 1999) (citations omitted).  Furthermore, this court has held that, in reviewing a district court's dismissal of a bankruptcy appeal for non-jurisdictional defects under Federal Rule of Bankruptcy Procedure 8001(a), we should "review the district court's action with attention to 'the prejudicial effect of delay on the appellees and the bona fides of the appellant.'" Braniff, 774 F.2d at 1304 (citing Pyramid, 531 F.2d at 746)


 B. Discretion to Dismiss a Bankruptcy Appeal Under Rule 8001(a)

Federal Rule of Bankruptcy Procedure 8006 requires appellants to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 10 days of filing a notice of appeal.  FED. R. BANKR. P. 8006.  Rule 8006 further requires appellants to "provide to the clerk a copy of the items designated" and arrange for any transcripts to be delivered to the clerk.  See id.  The rule also instructs all parties to "take any other action necessary to enable the clerk to assemble and transmit the record."  Id.

Commentators have explained that the purpose of the record designation requirement is to provide the reviewing court with an adequate basis for evaluating the appellant's claims on appeal. See 10 COLLIER ON BANKRUPTCY ¶ 8006.03[1] (15th ed. 2000).  The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide

11

the appellate court with the requisite record excerpts.  See id.;
Pyramid, 531 F.2d at 745 (citations omitted).  Likewise, the
purpose of the statement of issues is "principally to identify
the portions of the testimony below that should be included in
the record on appeal."  Editors' Comment, NORTON BANKRUPTCY RULES
PAMPHLET 1999-2000 EDITION 559 (2d ed. 1999); In re Bishop, Baldwin,
Rewald, Dillingham & Wong, Inc., 104 F.3d 1147, 1148 (9th Cir.
1997) (citing NORTON BANKRUPTCY RULES PAMPHLET 1996-97 EDITION 594
(1996); 9 COLLIER ON BANKRUPTCY ¶ 8006-10 (1996)).

Rule 8001(a) states that "[a]n appellant's failure to take
any step other than timely filing a notice of appeal does not
affect the validity of the appeal, but is ground only for such
action as the district court . . . deems appropriate, which may
include dismissal of the appeal."  As the language of the rule
makes clear, only the failure to file a notice of appeal, which
deprives the reviewing court of jurisdiction, mandates dismissal.
In contrast, the district court does not invariably dismiss for
breaches of other procedural rules, including Rule 8006.  See In
re Tampa Chain Co., Inc., 835 F.2d 54, 55 (2d Cir. 1987) (per
curiam) (citations omitted).  Rather, the court must exercise
discretion and consider what sanctions are appropriate.
Dismissal is a harsh and drastic sanction that is not appropriate
in all cases, even though it lies within the district court's
discretion.  In addition, when, as here, an appeal is dismissed
because of an attorney's error, the client is unduly punished for

12

his attorney's mistakes.  See Editors' Comment, NORTON BANKRUPTCY RULES at 523 ("While counsel for the appellant may be sanctioned, a dismissal of the appeal would unfairly penalize the client."); In re Hill, 775 F.2d 1385, 1387 (9ᵗʰ Cir. 1985) (per curiam) (finding an abuse of discretion when "the default was the fault of the attorneys and not the litigant[, y]et the impact of the sanction imposed is primarily against the client").

Here, the district court erred by failing to properly exercise the discretion granted by Rule 8001(a).  The district court's Opinion on Reinstatement states that the dismissal of the appeal was "the natural consequence" of Appellants' failure to follow the rules of bankruptcy procedure.  Further, the district court stated that "[o]nly if there is an extraordinary circumstance, then the significance of the prejudice is weighed to determine whether equity should intervene."  (Emphasis added). This indicates that the district court incorrectly interpreted the rule to mean that a district court has discretion to decide not to dismiss an appeal when procedural rules have been breached, rather than discretion to decide whether dismissal is appropriate.  The district court's interpretation presupposes, contrary to the plain language of Rule 8001(a), that dismissal is the norm rather than a possible sanction warranted only in extreme cases.  Moreover, the opinion states that this negative discretion may only be exercised upon a threshold showing of extraordinary circumstances by the appellant.  This construction

13

of the rule is unsupported by the text of Rule 8001(a), its commentary, or the caselaw interpreting and applying the rule. Thus, the district court's decision was based on an erroneous view of the law and must be vacated as an abuse of discretion.

Several of our sister circuits have established lists of factors that a district court must consider in deciding whether infractions of procedural rules (other than the failure to file a notice of appeal) warrant dismissal under Rule 8001(a). See, e.g., In re SPR Corp., 45 F.3d 70, 72, 74 (4th Cir. 1995) (district court should (1) make a finding of bad faith or negligence; (2) give appellant notice or opportunity to explain the delay; (3) consider possible prejudicial effect of delay on other parties; and (4) consider the impact of the sanctions and available alternatives); In re Fitzsimmons, 920 F.2d 1468, 1474 (9th Cir. 1989) (district court must consider (1) alternative sanctions and relative fault of the client and attorney unless egregious circumstances exist; (2) the existence of bad faith, which can constitute egregious conduct). This court has thus far declined to create a definitive test for the district courts in our circuit. Cf. In re M.A. Baheth Constr. Co., Inc., 118 F.3d 1082, 1084 (5th Cir. 1997), cert. denied by M.A. Baheth & Co. v. Schott, 522 U.S. 1092 (1998) (in determining whether to dismiss appeal for failure to file statement of issues in accordance with FED. R. APP. P. 6(b)(2)(ii), court considered "mitigating factors" but did not establish list thereof). However, we have upheld a

14

district court's decision to dismiss a bankruptcy appeal under Rule 8001(a) when the appellee has shown prejudice from the delay and when the appellant has exhibited "obstinately dilatory conduct." See Braniff, 774 F.2d at 1304 (citations omitted); Pyramid, 531 F.2d at 746.

Although we do not here establish a definitive list of factors, we think that, in determining whether dismissal is an appropriate sanction, a district court should keep in mind that some infractions of the rules of bankruptcy procedure are harmless and do not merit dismissal; that dismissal unfairly punishes clients for the mistakes of their counsel in some cases; and that the primary goal of courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate. With these considerations in mind, we turn to the record.

As an initial matter, we note that several of the nine remaining reasons justifying dismissal in the district court's original Opinion on Dismissal cannot withstand even a cursory analysis. First, Appellants contend, and Appellees do not dispute, that the three designated record excerpts not filed with the clerk consisted of (1) a notice of appeal mistakenly designated as having been filed on November 5, 1998, actually filed on November 5, 1996; (2) a motion for leave to file a notice of appeal mistakenly designated as having been filed on

November 5, 1998, actually filed on November 5, 1996; and (3) a second copy of a supplement to Appellants' re-urged motion for summary judgment that had been designated under two different headings. Thus, two of the designated documents that were not filed do not exist as designated, and the third was a duplicate. Second, Appellants' letter to the bankruptcy clerk, which accompanied the filings and listed the four volumes of transcripts not previously designated, was copied to Appellees. Appellees nowhere contend that they did not receive this letter contemporaneously with the filings. Third, it appears that the motion for leave to supplement the record asserted by the district court to have been filed eleven weeks late actually pertained to a summary judgment brief and the transcript of a pre-trial conference before the bankruptcy court, not to the five nondesignated record excerpts filed with the clerk. We fail to see how these actions can reasonably be characterized as breaches of procedure.

Appellees, though they observe that the district court found nine instances in which Appellants failed to follow bankruptcy procedure, cite specifically to Appellants' failure to (1) timely file the statement of issues, (2) designate five filings, (3) notify Appellees of the five nondesignated documents, and (4) file three designated documents as a failure to follow the bankruptcy rules. Appellees assert that these actions individually justify dismissal under Fifth Circuit caselaw and

16

evince negligence, indifference, or bad faith.  For the reasons discussed above, we are unpersuaded that the latter two reasons merit further consideration.  Thus, we conclude for the purposes of the discussion to follow that, in deciding to dismiss the appeal, the district court relied on Appellants' defective performance of two procedural requirements:  filing the statement of issues and delivering previously designated documents.

We find nothing in the record that supports dismissal on the basis of Appellants' designation and filing of record excerpts and late filing of the statement of issues.  Although the statement of issues was not timely filed, Appellants did file their appellate brief timely and prior to the district court's dismissal of the appeal.  Evidence relating to all four issues raised on appeal was contained in the designated record.[9]

---

[9]  The issues on appeal were (1) whether the bankruptcy court erred in granting summary judgment on Appellees' usury claim; (2) whether Frankford had standing to assert usury or equitable subordination claim; (3) whether Appellees had proved that equitable subordination was appropriate; and (4) whether the bankruptcy court erred in calculating the amount of usurious interest and in awarding attorney's fees.  The first three issues had previously been argued at summary judgment, and the record designations filed with the court contain the briefing and evidence for those motions.  The record also contains Appellees' calculation of damages, which the bankruptcy court adopted in its Final Judgment, the summary judgment evidence that formed the basis of that calculation, and the trial transcript showing that the bankruptcy court excluded controverting evidence on the fair market value of the 199 performing notes.  As far as the attorney's fees issue is concerned, we note that Appellants only argued that the award of attorney's fees to Frankford was inappropriate because Frankford allegedly lacked standing.  Thus, that issue would not appear to require evidentiary support independent of the evidence pertaining to Frankford's standing.

Consequently, the district court has an adequate record upon which to decide the merits of the appeal, and the purpose of Rule 8006 has therefore been satisfied despite Appellants' failure to strictly adhere to its technical requirements. Furthermore, the record does not indicate that Appellees' ability to respond to the appeal has been impaired in any way. Appellees do not here contend that they were prejudiced by the incomplete designation of record excerpts. Moreover, because Appellants filed their brief and sufficient record excerpts in support thereof, Appellees were placed on notice as to what issues they would be required to defend, and have an adequate record on which to defend them. Furthermore, Appellees have not alleged that either the bankruptcy estate or its creditors have suffered any injury from the delayed filing of the statement of issues; and our review of the record reveals none.[10] See Braniff, 774 F.2d at 1304 (citing Pyramid, 531 F.2d at 746). Thus, we conclude that Appellees suffered no prejudice under these circumstances.

_____

[10] Appellees assert that they have been prejudiced because Zer-Ilan's conduct in the enforcement proceedings before the bankruptcy court has created delays, increased costs, and "threatened Floyd's and Frankford's legitimate efforts to enforce the Bankruptcy Final Judgment." Although we recognize that "time is of the essence" in bankruptcy proceedings, the delay Appellees refer to here did not result from Appellants' prosecution of the appeal, and in fact could have occurred whether or not Appellants had filed an appeal at all. Therefore, this prejudice, if any in fact occurred, does not justify a dismissal of the appeal. The prejudice to Appellees' interest in enforcing the judgment is likewise outside the scope of the 8001(a) analysis.

18

In addition, there is no evidence of either an intent to delay or obstinately dilatory conduct on the part of Appellants that could otherwise justify dismissal. See Fitzsimmons, 920 F.2d at 1474 (finding that a district court was not required to consider other factors when appellants had exhibited "bad faith behavior"). Rather, the record establishes that Appellants timely filed their notice of appeal, record designation, and appellate brief and complied with the rules of bankruptcy procedure with regard to all other aspects of prosecuting their appeal. Cf. In re Champion, 895 F.2d 490, 492 (8th Cir. 1990) (per curiam) (no abuse of discretion for dismissing appeal when appellant had not filed a designation of record excerpts or statement of issues nine months after filing of notice of appeal); Greco v. Stubenberg, 859 F.2d 1401, 1403-04 (9th Cir. 1988) (no abuse of discretion for dismissing appeal when appellant's counsel repeatedly failed to order transcripts, misrepresented to court that transcripts had been ordered, and did not notify court of inability to do so for nine months); Pyramid, 531 F.2d at 746 ("[F]or over four months after filing its appeal appellant had made no effort to comply with the Rules.").

In the absence of evidence of prejudice or obstinately dilatory conduct, and given that the purpose of Rule 8006 has been satisfied, we conclude that dismissal was not justified in this case. See In re Winner Corp., 632 F.2d 658, 661 (6th Cir.

1980) (reinstating appeal when there was no evidence of bad faith).

III.  CONCLUSION

For the foregoing reasons, the district court's judgment dismissing Appellants' appeal of the bankruptcy court's judgment is REVERSED and the appeal REINSTATED.  Costs shall be borne by Appellees.