IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-10650
Summary Calendar
_____

In The Matter Of: KENNETH ALLEN GOLDBLATT,

                                                        Debtor.

KENNETH ALLEN GOLDBLATT,

                                                        Appellant,

                            versus

A & W INDUSTRIES INC.,

                                                        Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-0256-A
_____

October 18, 2001

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[1]

     This appeal contests the district court's order that dismissed
an appeal from the bankruptcy court.  The district court dismissed
the appeal because Kenneth Allen Goldblatt, the debtor and
appellant, failed to file his brief within the twenty day period
required by Northern District of Texas Bankruptcy Rule 8009.1(a).
We find no abuse of discretion and affirm.

_____

     [1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The relevant facts are these: In June 2000, Goldblatt designated a piece of commercial property in Grapevine, Texas as his business homestead. On June 29, Goldblatt filed for Chapter 11 protection in the United States Bankruptcy Court for the Northern District of Texas. During the ensuing bankruptcy proceedings, A & W Industries, Inc., the tenant in possession of the premises in question, filed a motion for a determination of its status as a creditor. On February 28, 2001, the Bankruptcy Court issued a final order finding that the property does not meet the requirements for a business homestead under Texas law.

On March 7, 2001, Goldblatt's bankruptcy attorney filed a timely notice of appeal from the order in the bankruptcy court. The next day, because of his deteriorating health, Goldblatt's bankruptcy attorney forwarded his files for the appeal to the instant attorney. On April 2, two weeks after the March 19 deadline for filing a designation of records and a statement of issues on appeal under Bankruptcy Rule 8006, Goldblatt's substitute counsel moved to extend the deadline.[2] A & W opposed the motion. The district court found that Goldblatt's counsel had not shown that the delay in filing was the result of excusable neglect and

---

[2] Evidently, Goldblatt's counsel erroneously filed the motion in the bankruptcy court on April 2, and it did not reach the district court clerk until April 9. Goldblatt also asserts in his brief that his counsel filed a designation of the record along with his motion to extend the deadline. A review of the record in this case indicates that no such filing was docketed in the district court or transmitted to this Court on appeal.

denied Goldblatt's motion to extend the deadline for filing his designation and statement of issues. After this ruling, Goldblatt failed to file an appellate brief (or any other documents) within the period set by Local Bankruptcy Rule 8009.1.[3] The district court dismissed Goldblatt's appeal *sua sponte*. The court also noted Goldblatt's failure to satisfy the procedural requirements for appeal set out in Bankruptcy Rule 8006.

## II

Bankruptcy Rule 8001(a) provides that the "[f]ailure of an appellant to take any step other then the timely notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Because the deadline for filing an appellate brief under Rule 8009 is not jurisdictional, the failure to satisfy the deadline does not require an automatic dismissal. See In re Tampa Chain Co., Inc., 835 F.2d 54, 55 (2d Cir. 1987).

While we have said that dismissal is a "penalty of last resort" to be employed sparingly, we have also made clear that a district court's dismissal of an appeal will be affirmed unless the district court abused its discretion. Matter of Braniff Airways, Inc., 774 F.2d 1303, 1305 (5th Cir. 1985); Matter of CPDC, Inc.,

---

[3] Under Local Rule 8009.1(a) the appellant's opening brief must be filed within twenty days after entry of the appeal on the docket. Although Goldblatt filed his notice of appeal in the bankruptcy court on March 7, 2001, his appeal was not docketed in the district court until March 28, 2001.

221 F.3d 693, 698 (5th Cir. 2000). In reviewing the district court's decision, we must consider "the prejudicial effect of the delay on the appellees and the bona fides of the appellant" to ensure that the client is not "unduly punished for his attorney's mistakes." CPDC, 221 F.3d at 698 (citations and internal quotation marks omitted). But, as the Seventh Circuit observed in Matter of Scheri, 51 F.3d 71, 75 (7th Cir. 1995):

> We . . . must remember that the district court, not the appellate court, is in the best position to assess the nature of the delay, the motivations of the parties and their attorneys, and the impact of the delay on the court's calendar. Consequently, our review of a district court's broad discretion to deal with litigation delay, even through the drastic sanction of dismissal, is deferential.

III

With these principles in mind, we conclude that the district court acted within its discretion. We have fully considered Goldblatt's contention that his substitute counsel's various procedural failures are excusable because counsel's office received the file while he was away at a trial in Starr County, Texas. In his motion to extend the Rule 8006 deadline, Goldblatt's counsel asserted that he was in trial from March 9 until March 16, 2001, and did not return to his office until March 19, 2001. The motion does not provide an account of counsel's activities between March 16 and the resumption of the Starr County trial on April 2, the date he moved to extend the time for filing his designation and his statement of issues. Goldblatt thus offers no explanation for

counsel's failure to file a motion for extension immediately after he returned to his office on March 19.

In determining whether an omission was the product of excusable neglect, courts should consider "the danger of prejudice to the [appellee], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). Counsel's travel schedule or absence from office is generally not sufficient to support a finding of excusable neglect. See Airline Professionals Ass'n v. ABX Air, Inc., 109 F.Supp.2d 831, 834 (S.D. Oh. 2000) ("[C]ourts still demand that an attorney show more than a busy practice or absence from the office to merit an extension of the time in which to file a notice of appeal.") (citations omitted).

This principle has particular force where, as here, counsel fails to request an extension before the applicable deadline passes and fails to file an appellate brief.[4] In view of the delay caused by Goldblatt's failure to file a statement of issues, a designation of the record on appeal, or an appellate brief notifying A & W of

---

[4] This situation is therefore distinguishable from CPDC, 221 F.3d at 698-700, in which we reversed a district court's dismissal of a bankruptcy appeal under Rule 8001. In CPDC, the appellant filed a designation of record excerpts but failed to file a statement of issues. See id. at 695. We noted that "[a]lthough the statement of issues was not timely filed, Appellants did file their appellate brief timely and prior to the district court's dismissal of the appeal." Id. at 700.

the issues on appeal, the district court could properly conclude that dismissal was warranted in this case.[5]

Accordingly, we hold that the district court did not abuse its discretion in dismissing the appeal, and its judgment is therefore

AFFIRMED.

---

[5] See In Re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992) (affirming dismissal of a bankruptcy appeal because the appellant filed its designation of the record on appeal fifteen days late and did not request an extension until after the deadline had passed; noting that the only explanation offered was that the appellant's attorney was out of the country); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (affirming dismissal of appeal from bankruptcy court judgment because, without explanation, the plaintiffs failed to designate the record on appeal, file a statement of the issues, or file an appellate brief); see also Matter of M.A. Baheth Const. Co., Inc., 118 F.3d 1082, 1083-84 (5th Cir. 1997) (affirming district court's dismissal of an appeal under FED. R. APP. P. 6 for failure to file a designation of records and issues on appeal).