**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-30634
Summary Calendar

_____

In The Matter Of: JO ANN LACOSTE ULMER,

Debtor,

DAN FRISARD,

Appellant,

versus

PAUL N. DEBAILLON,

Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(01-CV-806-F)

November 5, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Dan Frisard appeals, *pro se*, the dismissal of his appeal from the bankruptcy court's disallowing his claims in the underlying bankruptcy case. In granting the trustee's motion to dismiss, the district court ruled: "Frisard has not complied with Rule 8006 of the Federal Rules of Bankruptcy Procedure because he failed to properly designate the record before this Court". ***In re Jo Ann***

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Lacoste Ulmer*, No. 01-CV-0806-F (E.D. La. 23 Apr. 2001) (minute entry granting motion to dismiss).

"This court has jurisdiction to hear 'appeals from all final decisions, judgments, orders, and decrees'" entered by district courts in their 28 U.S.C. § 158 appellate capacity. ***Aegis Specialty Mktg. Inc, et al. v. Ferlita***, *(In re Aegis Specialty Mktg. Inc. of Ala.)*, 68 F.3d 919, 921 (5th Cir. 1995) (quoting 28 U.S.C. § 158(d)). The district court's judgment "end[ed] a discrete judicial unit in the larger case ... and is a final judgment for the purposes of section § 158(d)". *England v. FDIC (In re England)*, 975 F.2d 1168, 1172 (5th Cir. 1992).

"We review actions taken by the district court in its appellate role for an abuse of discretion.... A district court abuses its discretion when its decision is based on an erroneous view of the law." *Zer-Ilan v. Frankford (In re CPDC Inc.)*, 221 F.3d 693, 698 (5th Cir. 2000) (internal citations omitted). "Furthermore ... in reviewing a district court's dismissal of a bankruptcy appeal for non-jurisdictional defects under Federal Rule of Bankruptcy Procedure 8001(a), we should review the district court's action with attention to the prejudicial effect of delay on the appellees and the bona fides of the appellant." *Id.* (internal quotations omitted).

The district court did not abuse its discretion in dismissing Frisard's appeal. Rule 8001(a) provides, in pertinent part: "An

2

appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, *which may include dismissal of the appeal*." (Emphasis added). Of course, in determining what action is appropriate, the district court must keep in mind that "[d]ismissal is a harsh and drastic sanction that is not appropriate in all cases, even though it lies within the district court's discretion". *Zer-Ilan*, 221 F.3d at 699. This said, we cannot conclude the district court's decision was "based on an erroneous view of the law". *Id.* at 698. It had discretion to dismiss the appeal; it exercised that discretion; and there is no indication it failed to weigh the harshness of the sanction imposed against the gravity of Frisard's Rule 8006 violation.

*AFFIRMED*