United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20173
Summary Calendar

_____

In The Matter Of:  BAQAR SHAH,

Debtor.

-------------------------------

MHENDRA R. MEHTA,

Appellant,

versus

KENNETH HAVIS, Chapter 7 Trustee,

Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
C.A. No. H-05-2456

_____

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Mhendra R. Mehta appeals the district court's dismissal of his appeal of the bankruptcy court's order that approved a compromise between the trustee and multiple parties that had purchased real property from the Debtor prior to the bankruptcy filing.  The district court dismissed Mehta's appeal because he failed to file a brief with the district court within the time specified in Bankruptcy Rule 8009(a)(1) -- or in the four months that followed.

_____

[1] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

In bankruptcy cases, we review actions taken by the district court in its appellate role for abuse of discretion.  In re CPDC Inc., 221 F.3d 693, 698 (5th Cir. 2000).

The appeal before the district court arose out of a compromise between the bankruptcy trustee and several parties who had purchased real property from the debtor prior to his filing of a voluntary Chapter 7 petition for relief on February 6, 2001.  The trustee filed a motion with the bankruptcy court to approve the compromise on July 8, 2003.  After an evidentiary hearing, in which Mehta participated, the compromise was approved by the bankruptcy court.  Mehta filed two motions to reconsider, both of which were denied.  The order was finalized on June 6, 2005 and the compromise has since been fully consummated.  Mehta's appeal to the district court was docketed on July 15, 2005.  Under Bankruptcy Rule 8009(a)(1), Mehta's brief was due fifteen days later.  On December 1, 2005, some four months after the due date, still having received no brief nor any request for an extension, the district court entered an order dismissing Mehta's appeal.  Mehta then filed a motion to vacate the order and reinstate his appeal; yet, he provided no reasonable explanation for his failure to file a brief. The district court denied the motion.  Mehta has now appealed to this court, but again has not provided any justification for his complete failure to file a brief.  Under these circumstances, the

2

district court did not abuse its discretion in dismissing Mehta's appeal.[2]

Mehta also appeals the district court's order striking certain record designations on appeal. It is uncontested that the documents that Mehta sought to designate were not introduced as evidence before the bankruptcy court. Mehta does not offer reasons for his failure to provide these documents in the bankruptcy hearing, nor does he offer any explanation as to how his case is prejudiced by their exclusion. In short, the district court did not err in refusing to permit Mehta to designate documents for appellate review that were never considered by the bankruptcy court.

Finally, in his reply brief, Mehta challenges the merits of the bankruptcy court's order, arguing that the court lacked subject matter jurisdiction to approve this compromise. Not only are the merits of the order not before us, Mehta's untimely argument has no merit.

For the foregoing reasons, the order of the district court dismissing Mehta's appeal is

---

[2] We note that another panel of this court was recently presented with facts involving Mehta that are nearly identical to those presented here. In re Shah, No. 06-20161, 2006 WL 2683386 (5th Cir. 2006) (Slip Copy). In that case, Mehta appealed an order of the bankruptcy court finding him in civil contempt and sanctioning him. Mehta failed to file a brief in that case and the district court dismissed his appeal. This court affirmed, holding that "[g]iven the history of Mehta's refusal to obey court orders, his delaying tactics, and missed deadlines, the district court did not err in dismissing this appeal." Id. at *1.

3

AFFIRMED.