United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-20130
Summary Calendar

_____

IN THE MATTER OF:
BAQAR SHAH,

Debtor.


MAHENDRA R. MEHTA,

Appellant,

VERSUS

KENNETH R. HAVIS,
CHAPTER 7 TRUSTEE,

Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas
m 4:05-CR-3205

_____

Before SMITH, WIENER, and OWEN,
    Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Mahendra Mehta appeals the district court's dismissal of his appeal from the bankruptcy court for failing to file a timely appellate brief. We affirm.

## I.
Mehta is a creditor of Baqar Shah. After Shah had filed for bankruptcy, the trustee, Kenneth Havis, moved for approval of a compromise between the trustee and numerous individuals who were allegedly recipients of fraudulent transfers. Those individuals had purchased real property from Shah before he filed for bankruptcy. Mehta filed objections to the motion, but the bankruptcy court approved the compromise.

Mehta appealed, and the appeal was docketed with the district court. Though he filed his statement of issues and record designations, Mehta did not file an appellate brief within the time specified in Federal Rule of Bankruptcy Procedure 8009(a)(1). After the appeal had been filed in the district court, the trustee moved to strike some of Mehta's designations, and that court granted the motion. The court denied Mehta's motion to vacate its order striking his designations and dismissed the appeal for failure to prosecute by failing to file an appellate brief.

Mehta appeals the dismissal. In his reply brief filed in this court, he claims that the bankruptcy court did not have jurisdiction to consider the compromise between the trustee and the settling property owners.

We affirm the dismissal for failure to file a brief in the district court, and we conclude we lack appellate jurisdiction to consider whether the bankruptcy court had jurisdiction over the compromise. Because the appeal was properly dismissed, we do not reach the propriety of the district court's grant of the trustee's motion to strike.

## II.
We first confront the charge that the bankruptcy court lacked jurisdiction to approve the compromise that underlies this appeal. We have no jurisdiction here to opine on whether the bankruptcy court had jurisdiction because, as we conclude in part III, *infra*, no proper appeal was pursued in the district court. In other words, despite our obligation in the usual case to inquire *sua sponte* into a lower court's jurisdiction, *see Mitchell v. Maurer*, 293 U.S. 237, 244 (1934), we lack the power to do so if the actions of that court are not properly appealed so as to bring the matter to us in a procedurally valid manner.

## III.
We review the district court's dismissal of Mehta's appeal for abuse of discretion "with attention to the prejudicial effect of delay on the appellees and the bona fides of the appellant." *Zer-Ilan v. Frankford (In re CPDC Inc.)*, 221 F.3d 693, 698 (5th Cir. 2000). "Dismissal is a harsh and drastic sanction that is not appropriate in all cases," but Federal Rule of Bankruptcy Procedure 8001(a) provides district courts the discretion to dismiss an appeal. *Id.* at 699. The district court did not commit any legal error in its ruling, and its order shows no indication that it failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

weigh the severity of the sanction against the extent of Mehta's violation of rule 8009. The court had discretion to dismiss the appeal, and it did not abuse that discretion.

The judgment of the district court, dismissing the appeal from the bankruptcy court, is AFFIRMED.[1]

---

[1] We deny the trustee's request for an award of fees pursuant to Federal Rule of Appellate Procedure 38.