# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-51080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2020

Lyle W. Cayce
Clerk

In the Matter of:  PRIMERA ENERGY, L.L.C.

> Debtor

BRIAN K. ALFARO; ALFARO OIL AND GAS, L.L.C.; ALFARO ENERGY, L.L.C.,

> Appellants

v.

RICK REILEY; BETTY REILEY; VINCENT GILLETTE; SHARON WALLS; RICK GRIFFEY; THOMAS GILLETTE; DC OIL COMPANY; JAMES BUFORD SALMON; DAVID DAVALOS,

> Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-329

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51080

The opinion previously filed in this case is withdrawn and the following is substituted.

The Federal Rules of Bankruptcy Procedure clearly specify how an appeal is taken and how the record on appeal is to be created. *See generally* Fed. R. Bankr. P. 8001-8028. One such rule provides that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal." Fed. R. Bankr. P. 8009(a)(1)(A). Additionally, "[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits." Fed. R. Bankr. P. 8009(b)(5).

In this case, appellants failed to comply with these rules, and consequently the district court received no record on appeal from the bankruptcy court other than the bankruptcy court's opinion. Notably, the record before the district court did not contain the transcript of the bankruptcy court's six-day trial. Because it was "unable to review the evidence presented to the bankruptcy court," the district court stated that it was unable to "conclude [that] the bankruptcy court's findings of fact are clearly erroneous," and so it "affirm[ed] the decision of the bankruptcy court."

On appeal to this court, appellants urge that the district court abused its discretion by affirming and denying their motion for leave to belatedly designate a record on appeal. But "it is clear that the dismissal of an appeal for failure to provide a complete transcript of the record on appeal is within the discretion of the court." *Coats v. Pierre*, 890 F.2d 728, 731 (5th Cir. 1989) (citation omitted). Appellants rely on *Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 221 F.3d 693 (5th Cir. 2000). In that case, however, "the district court ha[d] an adequate record upon which to decide the merits of the appeal." *Id.* at 700-01.

2

No. 19-51080

Appellants also argue that the district court could have reversed the bankruptcy court's judgment even without a transcript of the trial. That argument is undercut by the fact that the brief filed by appellants in the district court relied on the trial transcript throughout. Even if appellants could have theoretically made their argument without relying on the record, they did not in fact do so.

Finally, appellants argue that the district court lacked jurisdiction over the appeal because the bankruptcy court's order did not constitute a "final judgment" within the meaning of 28 U.S.C. § 158(a). But the bankruptcy court's order explicitly "dispose[d] of all adversary causes of action" and stated that "all other relief not specifically granted herein is DENIED." Moreover, appellants fail to identify a single claim that was outstanding at the time of the judgment that the judgment did not resolve. The district court therefore did not err in concluding that the bankruptcy court's judgment was "final and appealable."

The judgment of the district court is AFFIRMED.