# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2021

Lyle W. Cayce
Clerk

No. 19-20512
Summary Calendar

IN THE MATTER OF:  DANIELLE PAULINE PENDERGRAFT; SCOTT
RICHARD PENDERGRAFT,

*Debtors*,

NETWORK OF NEIGHBORS, INCORPORATED,

*Appellee*,

*versus*

DANIELLE PAULINE PENDERGRAFT; SCOTT RICHARD
PENDERGRAFT,

*Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1838

Before Haynes, Clement, and Elrod, *Circuit Judges*.

Per Curiam:*

Scott Richard Pendergraft and Danielle Pauline Pendergraft, proceeding pro se, have filed a motion for leave to proceed in forma pauperis (IFP) to appeal the district court's denial of their motion to proceed IFP in the district court. The district court denied the motion to proceed IFP on appeal as well. To be granted leave to proceed IFP on appeal of the district court's denial of IFP status in the district court, the Pendergrafts must demonstrate both financial eligibility and the existence of a nonfrivolous appellate issue. *See* 28 U.S.C. § 1915; *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *see also Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997). They may make the latter showing by demonstrating that the "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). We review the district court's denial of IFP status for abuse of discretion. *Zer-Ilan v. Frankford (In re CPDC Inc.)*, 221 F.3d 693, 698 (5th Cir. 2000).

Assuming without deciding that the Pendergrafts demonstrated financial eligibility, they have nonetheless failed to present a nonfrivolous issue for appeal in the district court and the district court thus acted within its discretion in denying them IFP status. *See* 28 U.S.C. § 158(c)(2); § 1915(a), (b); *Zer-Ilan*, 221 F.3d 698; *Carson*, 689 F.2d at 586. The Pendergrafts unsuccessfully pursued their original appeal of right of the May 2017 bankruptcy court decision up until the Supreme Court's denial of certiorari and of rehearing of that denial. *Pendergraft v. Network of Neighbors, Inc.*, 745 F. App'x 517 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1240 (2019); *see* § 158(a); Fed. R. Bankr. P. 8003; *Brouwer v. Ancel & Dunlap (In re Firstmark Corp.)*, 46 F.3d 653, 657 (7th Cir. 1995). Whatever issues they

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

failed to raise or abandoned along that appellate path, cannot now be raised anew.  *See Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez)*, 695 F.3d 360, 365 n.4 (5th Cir. 2012); *Brouwer*, 46 F.3d at 657.

Because the Pendergrafts have shown no nonfrivolous issue for appeal, the motion to proceed IFP on of the denial of IFP status in the district court is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5th Cir. R. 42.2.