# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2025

Lyle W. Cayce
Clerk

————————

No. 24-30732

————————

In the Matter of Royal Alice Properties, L.L.C.

*Debtor*,

Royal Street Bistro, L.L.C.,

*Appellant*,

*versus*

Arrowhead Capital Finance, Limited

*Appellee*.

————————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-2191

————————————————————————

Before Wiener, Douglas, and Ramirez, *Circuit Judges*.
Irma Carrillo Ramirez, *Circuit Judge*:

Royal Street Bistro, LLC ("RSB") appeals the Eastern District of Louisiana district court's dismissal of its appeal of a bankruptcy court's judgment because it did not attach a copy of the judgment to the notice of appeal and, alternatively, because it failed to comply with the bankruptcy rules and a deficiency notice. Because failure to attach the judgment was not

No. 24-30732

a jurisdictional defect mandating dismissal, and the district court abused its discretion, we REVERSE and REMAND.

I

A

In August 2019, Royal Alice Properties LLC ("Debtor") filed for Chapter 11 bankruptcy. The bankruptcy court appointed a Chapter 11 Trustee for Debtor's bankruptcy estate. Debtor's only assets were three properties occupied by its sole member and its two affiliates, Picture Pro LLC and RSB.

Arrowhead Capital Finance, Ltd. ("Arrowhead") obtained judgments against Debtor's affiliates. It then filed an adversary proceeding against Debtor, alleging that it was liable for its affiliates' unsatisfied obligations. While the Arrowhead adversary proceeding was pending, the Trustee filed this adversary proceeding against Picture Pro to recover, in part, unpaid rent for its occupancy of Debtor's properties. In exchange for assignment of Debtor's claims against Picture Pro and RSB for unpaid rent and other relief relating to their occupancy of Debtor's properties, Arrowhead agreed to release its claims in its adversary proceeding.

The Trustee moved for approval of the settlement. Over Picture Pro's objections, the bankruptcy court granted the Trustee's motion and approved the settlement. Its order provided, in relevant part, that (1) the bankruptcy court would retain jurisdiction over any claims assigned to Arrowhead under the settlement agreement, and (2) Arrowhead could enforce those claims by intervention in this adversary proceeding. Arrowhead filed its complaint in intervention against Picture Pro and RSB on October 24, 2022.

2

No. 24-30732

B

On August 29, 2024, the bankruptcy court entered a final judgment for $233,548.51 against Picture Pro and RSB. On September 5, Picture Pro and RSB filed a notice of appeal. The next day, the clerk of bankruptcy court marked the notice of appeal as deficient because it did not include a copy of the judgment being appealed; the clerk directed Picture Pro and RSB to submit a corrected notice by September 9. On September 19, 10 days after the deadline and 21 days after the judgment was entered, Picture Pro and RSB filed their corrected notice of appeal.

Arrowhead moved to dismiss the appeal, arguing the district court lacked jurisdiction because Picture Pro and RSB had failed to timely comply with Bankruptcy Rules 8002 and 8003. The district court granted Arrowhead's motion and dismissed the appeal for lack of jurisdiction. It held that dismissal of the appeal was alternatively warranted as a matter of discretion based on Picture Pro's and RSB's failure to comply with the bankruptcy rules or the clerk's deficiency notice. RSB timely appealed.[1]

RSB raises three claims on appeal: (1) the failure to attach the bankruptcy court's judgment to the notice of appeal is not a jurisdictional defect; (2) the district court abused its discretion when it dismissed the appeal based on the failure to timely attach the bankruptcy court's judgment; and (3) the bankruptcy court lacked jurisdiction over the adversary proceeding filed by the Trustee.

---

[1] Picture Pro has been dismissed from this appeal due to outstanding sanctions in another circuit.

## II

We review de novo whether a district court had jurisdiction over an appeal from a bankruptcy court. *In re Berman-Smith*, 737 F.3d 997, 1000 (5th Cir. 2013). Our review of actions taken by the district court in its appellate role is for an abuse of discretion. *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000).

## III

Subject to constitutional limits, "Congress decides what cases the federal courts have jurisdiction to consider," including "when, and under what conditions, federal courts can hear them." *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007). The appellate jurisdiction of district courts to hear appeals from bankruptcy courts is governed by 28 U.S.C. § 158. Section 158(c)(2) provides that a bankruptcy appeal to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." An appellant must file a notice of appeal within 14 days from the entry of the judgment, order, or decree being appealed. Fed. R. Bankr. P. 8002(a)(1). Because "the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, . . . the time limit is jurisdictional." *In re Berman-Smith*, 737 F.3d at 1003.

Rule 8003(a)(3)(B) requires that the notice of appeal "be accompanied by the judgment—or the appealable order or decree—from which the appeal is taken." Fed. R. Bankr. P. 8003(a)(3)(B). This is not a jurisdictional prerequisite because, unlike Rule 8002, "Rule 8003(a)(3)(B) does not follow from a clear federal statute." *In re Serta Simmons Bedding, L.L.C.*, 125 F.4th 555, 575 (5th Cir. 2024), *as revised* (Jan. 21, 2025), *as revised*

(Feb. 14, 2025) (citation modified). "Since a failure to attach the appealed-from judgment is not a failure to timely file the notice of appeal, such a failure does not mandate dismissal." *Id.; see*, *e.g.*, *In re Mahadevan*, 2024 WL 3292744, at *1 (5th Cir. 2024) (reviewing district court's dismissal for appellant's noncompliance with Rule 8003(a)(3)(B)'s filing requirements for abuse of discretion).

Citing *In re Cleveland Imaging & Surgical Hospital, L.L.C.*, 26 F.4th 285 (5th Cir. 2022), Arrowhead argues that the failure to attach the bankruptcy court's order being appealed to the notice of appeal defeats jurisdiction. That case involved an appeal to this court of a bankruptcy court's orders dismissing the appellants' adversary proceeding and imposing sanctions against them. *Id.* at 291–92. The appellants had appealed the sanctions order to the district court by filing a notice of appeal that only attached the sanctions order and "designated only the sanctions order as the subject of the appeal." *Id.* at 292. We held that because the appellants had never appealed the order dismissing the adversary proceeding to the district court, we lacked jurisdiction to consider it. *Id.* at 292–93. The appellants had not filed a notice of appeal, timely or otherwise, in the adversary proceeding that properly embraced the dismissal order, as required under the bankruptcy rules. *Id.* at 293.[2]

Here, by contrast, Debtor's affiliates filed their notice of appeal in the underlying adversary proceeding, and the notice clearly designated the bankruptcy court's judgment as the subject of the appeal. Even though a copy

---

[2] We also explained that the notice of appeal filed in the main bankruptcy case, which only attached the sanctions order and designated it as the subject of the appeal, did not encompass the dismissal order because the "main bankruptcy case and adversary proceeding must be treated as distinct for the purpose of appeal." *In re Cleveland Imaging*, 26 F.4th at 293 (quoting *In re Dorsey*, 359, 362 (5th Cir. 2017)).

of the judgment was not attached at the time the notice of appeal was filed, "a failure to attach the judgment is not a fatal defect under Rule 8003." *In re Serta Simmons*, 125 F.4th at 575. "[O]nly the failure to [timely] file a notice of appeal, which deprives the reviewing court of jurisdiction, mandates dismissal." *In re CPDC Inc.*, 221 F.3d at 698 (citing predecessor rule to Fed. R. Bankr. P. 8003(a)(2)).

RSB and Picture Pro filed their notice of appeal within the time limit provided in Rule 8002, so the district court had jurisdiction over the appeal.

IV

RSB argues that the district court abused its discretion in alternatively dismissing the bankruptcy appeal for failure to comply with the bankruptcy rules and the deficiency notice. We agree.

Rule 8003(a)(2) provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). The rule makes clear that, other than an untimely notice of appeal which mandates dismissal, the district court has the authority to dismiss an appeal for infractions of the bankruptcy rules. *In re CPDC Inc.*, 221 F.3d at 698. Although it is generally within a district court's discretion to dismiss a bankruptcy appeal for non-jurisdictional filing defects, dismissal is typically unwarranted for harmless bankruptcy rule violations, and parties should not invariably suffer for the errors of counsel. *Id.* at 699–700. The central aim of enforcing the bankruptcy rules is to promote the prompt and efficient resolution of disputes concerning the bankruptcy estate. *Id.* at 700. When considering the appropriateness of dismissal under Rule 8003(a)(2), district courts should consider, among other things, "what sanctions are appropriate, the prejudicial effect of delay on the appellees, and whether the

appellant has exhibited 'obstinately dilatory conduct.'" *In re Payne*, 2023 WL 7314356, at *1 (5th Cir. 2023) (citing *id.* at 699).

Here, the district court did not consider any sanction short of dismissal. *See In re Serta Simmons*, 125 F.4th at 575 (explaining that courts must "exercise discretion and consider what sanctions are appropriate" for non-jurisdictional filing defects) (citation omitted). It found that dismissal was warranted because Picture Pro and RSB were sophisticated parties who had appealed other orders in the bankruptcy case, and they had provided no reason for not timely correcting the deficient notice of appeal despite receiving notice and an opportunity to do so. Notably, although the bankruptcy clerk's deficiency notice advised RSB and Picture Pro that their notice of appeal could be stricken if the missing judgment was not corrected within two business days, it did not expressly warn of dismissal as a sanction. And while the *corrected* notice of dismissal was filed seven days after Rule 8002's 14-day deadline to appeal a bankruptcy case, Arrowhead does not assert that it suffered any injury from the delayed filing other than the enforcement of the bankruptcy court's judgment. This court has rejected a claim of prejudice based solely on the delayed interest in enforcing a judgment. *See In re CPDC Inc.*, 221 F.3d at 701 n.10. Finally, there is nothing in the district court's order or the record indicating that RSB and Picture Pro engaged in delaying tactics or "obstinately dilatory conduct." *Id.* at 699. "Dismissal of a bankruptcy appeal is an extremely severe sanction" that should "be reserved for the most egregious of situations." *In re McKenzie*, 1998 WL 414308, *3 (5th Cir. 1998) (citing *In re Braniff Airways*, 774 F.2d 1303, 1304–05 (5th Cir. 1985)).

Under these circumstances, we cannot say that the failure to timely attach a copy of the bankruptcy court's judgment to the notice of appeal, which clearly identified the judgment being appealed, was so egregious as to merit the district court's dismissal of the appeal.

No. 24-30732

## V

RSB argues that the bankruptcy court did not have subject matter jurisdiction over the adversary proceeding filed by the Trustee.

"[A] court of appeals sits as a court of review, not of first view." *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (citations omitted). Because the district court did not reach the merits of the appeal of the bankruptcy court's judgment, including whether the bankruptcy court had subject matter jurisdiction, we decline to consider the issue. *Id.*; *see Robertson v. Exxon Mobile Corp.*, 814 F.3d 236, 242 (5th Cir. 2015) (declining to reach issues not addressed by the district court in the first instance).

## VI

We REVERSE the district court's dismissal of the bankruptcy appeal and REMAND for further proceedings consistent with this opinion.