774 F.2d 1303
 Bankr. L. Rep. P 70,815
In the Matter of BRANIFF AIRWAYS, INC., et al., Debtor.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, H.C. Cooper, J.M.
James and I.C. Simpson, Plaintiffs-Appellants,
v.
BRANIFF AIRWAYS, INC., Defendant-Appellee.
 No. 85-1352
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 24, 1985.
 Mullinax, Wells, Baab & Cloutman, Edward B. Cloutman, III, Dallas, Tex., for plaintiffs-appellants.
 Arnold & Porter, Daniel M. Lewis, Brian P. Leitch, Washington, D.C., for defendant-appellee.
 Before RUBIN, JOHNSON and JOLLY, Circuit Judges.
 OPINION
 ALVIN B. RUBIN, Circuit Judge.
 
 
 1
 The district court dismissed an appeal from the bankruptcy court because the appellant's brief was not filed within 15 days after entry of the appeal and, indeed, had not yet been filed 19 1/2 months later when the appeal was dismissed. Finding no abuse of discretion, we affirm.
 
 
 2
 This appeal to the district court from a bankruptcy court order was filed on September 14, 1983. Although Bankruptcy Rule 8009 requires the appellant to serve and file his brief within 15 days after entry of the appeal, no further action was taken. Upon inquiry by the district court on April 30, 1985, to determine the status of the case, the appellant's lawyer expressed the belief his brief had been filed. The lawyer checked his file and found the brief there, undelivered to the court. No copy had been served upon or mailed to the appellee. The district court dismissed the appeal because no explanation had been given for appellant's failure either to file a brief or to monitor the case.
 
 
 3
 Under more egregious facts, we affirmed the dismissal of a bankruptcy appeal for failure timely to file a brief in Pyramid Mobile Homes, Inc. v. Speake,[1] saying that, while "we fully recognize that indiscriminate exercise of the dismissal power for [such] derelictions ... may punish the innocent client for the unprofessional conduct of his counsel,"[2] "time is of the essence" in bankruptcy proceedings and this court should review the district court's action with attention to "the prejudicial effect of delay on the appellees and the bona fides of the appellant."[3]
 
 
 4
 There is no issue concerning the good faith of either the appellant or its counsel, but the delay in considering the appeal might well be prejudicial to the appellee and others. The appeal to the district court concerned the bankruptcy court's disallowance of counterclaims against the former officers and directors of the bankrupt, not against the bankrupt itself, but, if the counterclaim had been allowed, these individuals might have been expected to seek indemnity from the bankrupt, Braniff Airways, Inc. In the meanwhile, Braniff had consummated its Plan of Reorganization on December 15, 1983, and, pursuant to that plan, other parties have invested substantial sums in reorganizing the airline. These investments must have been based, at least in part, as counsel for appellee asserts, on their review of the status of the various potential liabilities facing Braniff, including litigation on appeal.
 
 
 5
 When a district court dismisses a case in which it is the trial court for dereliction of counsel, we have frequently held that dismissal is a penalty of last resort, to be imposed only after clear delay or contumacious conduct by the plaintiff and a finding that lesser sanctions would not cure the problem.[4] These cases do not state the standard for dismissal of an appeal. In reviewing actions taken by a district court in its appellate role, we affirm unless the court has clearly abused its discretion.[5] Bankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution,[6] and we have dismissed civil appeals for failure of prosecution when the appellant's brief was not timely filed.[7]
 
 
 6
 Patently the issue is not what this panel might have done if we were the district court, but whether, having set a standard granting district courts discretion, we should deny in action what we have announced as precept. Instead, applying the discretion-based principle, we AFFIRM the district court's judgment.
 
 
 
 [1]
 531 F.2d 743 (5th Cir.1976)
 
 
 [2]
 Id. 531 F.2d at 746
 
 
 [3]
 Ibid
 
 
 [4]
 Rogers v. Kroger Company, 669 F.2d 317 (5th Cir.1982); Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir.1972); McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 556 (5th Cir.1981); Gray v. Fidelity Acceptance Corp., 634 F.2d 226, 227 (5th Cir.1981); Luna v. International Association of Machinists and Aerospace Workers, 614 F.2d 529, 531 (5th Cir.1980); Gonzalez v. Firestone Tire and Rubber Companies, 610 F.2d 241, 247 (5th Cir.1980); Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212 (5th Cir.1976); Brown v. Thompson, 430 F.2d 1214, 1216-17 (5th Cir.1970)
 
 
 [5]
 Pyramid Mobile Homes, Inc. v. Speake, supra, 531 F.2d at 746, quoting Godfrey v. Powell, 159 F.2d 330, 332 (1947)
 
 
 [6]
 See, e.g., In re Quevedo, 35 B.R. 117, 120 (D.P.R.1983); In re Weiss, 44 B.R. 285, 287 (E.D.N.Y.1984); West v. Falconer, 17 B.R. 929 (S.D.Ill.1982); In re Har-dway House Statuary, 76 F.R.D. 204 (E.D.Mo.1977)
 
 
 [7]
 Swinburn v. First Federal Savings & Loan, 487 F.2d 338 (5th Cir.1973); Clayton v. Jones, 485 F.2d 583 (5th Cir.1973); Jackson v. Hensley, 484 F.2d 992 (5th Cir.1973); Turner v. Duval County, 468 F.2d 919 (5th Cir.1972); Tidwell v. Dees, 464 F.2d 1297 (5th Cir.1972); see Louisiana World Exposition, Inc. v. Logue, 746 F.2d 1033, 1038 (5th Cir.1984); United States v. Meeks, 719 F.2d 809, 810 (5th Cir.1983)