7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Eric J. SALTER, Gwendolyn L. Salter, Debtors.
FORD MOTOR CREDIT CARD COMPANY, Plaintiff-Appellant,
v.
Eric J. SALTER, Gwendolyn L. Salter, Defendants-Appellees.
 No. 92-4300.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Ford Motor Credit Company ("FMCC") appeals the district court's dismissal of its appeal from a final judgment of the bankruptcy court as being untimely. We REVERSE.
 
 I.
 
 2
 This case involves FMCC's appeal of a bankruptcy court ruling to the district court ordering that FMCC's judgment lien against debtors be avoided as violative of the homestead exemption allowed under Ohio law. Because FMCC was at the time also a party to two other bankruptcy cases before the same bankruptcy judge with identical homestead exemption questions, see In re Calloway, Case No 92-50205, and In re Caronite, Case No. 92-50876, FMCC sought an enlargement of time to file its appeal brief for the purpose of consolidating the three cases in the district court. FMCC filed a motion for enlargement of time within the period prescribed by Bankruptcy Rule 9006(b)(1)(1).
 
 
 3
 The district court denied FMCC's motion for enlargement of time by marginal entry order on August 19, 1992. FMCC filed a motion for reconsideration. The district court denied it and dismissed FMCC's appeal. The district court stated that FMCC had failed to show cause for the first extension because the motion for enlargement of time (1) was filed on or near the deadline sought to be extended; (2) was jurisprudentially inappropriate and in disregard of Bankruptcy Rule 8009(a); and (3) would result in unnecessary delay due to a speculative goal. The motion for reconsideration was characterized as a request to file a tardy appellate brief under Bankruptcy Rule 9006(b)(1)(2). This appeal followed.
 
 II.
 
 4
 The timely filing of briefs is governed by Bankruptcy Rule 8009, which requires the appellant to serve and file a brief within 15 days after the appeal is docketed, unless a local rule or order excuses the filing of briefs or specifies different time limits. Bankruptcy Rule 8009(a)(1). Rule 8001(a) grants the district court authority to dismiss appeals for non-prosecution. Cf. Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir.1988) (in the absence of notice that dismissal is contemplated under Fed.R.Civ.P. 41(b), district court should impose penalty short of dismissal unless derelict party has engaged in "bad faith or contumacious conduct"). This court has held that a late filing does not justify dismissal of the appeal absent a showing of bad faith, negligence, or indifference. Third Nat'l Bank v. The Winner Corp. (In re Winner Corp.), 632 F.2d 658, 660-61 (6th Cir.1980) (late filing of designation of record); Drybrough v. Ware (In re Bavarian Brewing Co., 111 F.2d 548 (6th Cir.1940) (appellant's indifference to rules requiring transmittal of record to court of appeals justified dismissal of suit); In re Smith, 119 B.R. 558, 559 (S.D.Ohio 1989). See also Beverly Mfg. Corp. v. Tavormina (In re Beverly Mfg. Corp.), 778 F.2d 666, 667 (11th Cir.1985) (under Bankruptcy Rule 8009(a)(1), requiring timely filing of briefs after entry of appeal on district court docket, is merely a non-jurisdictional defect that does not require dismissal unless bad faith, negligence or indifference is shown; following In re Winner ). A district court's dismissal for non-compliance with non-jurisdictional bankruptcy rules is reviewed for an abuse of discretion. Fitzsimmons v. Nolden (In re Fitzsimmons), 920 F.2d 1468, 1471 (9th Cir.1990). Further, as a general rule, the district court must consider alternative sanctions to dismissal, unless the circumstances are egregious. Id. at 1472; National Bank of Long Beach v. Donovan (In re Donovan), 871 F.2d 807, 808-09 (9th Cir.1989).
 
 
 5
 The grounds offered by the district court in support of dismissal do not add up to bad faith, negligence, or indifference, let alone egregious circumstances. FMCC's motion for enlargement of time "[was] made before the expiration of the period originally prescribed" thereby allowing the court, in its discretion, to enlarge the prescribed period "for cause shown." See Bankruptcy Rule 9006(b)(1)(1). In that motion, FMCC explained the basis for the request, and most importantly, represented to the court that all of the parties in each of the three cases agreed that the cases should be consolidated "for purposes of judicial economy and to save all parties involved, both debtors and creditors, from the need to file multiple briefs in multiple cases." See Jt.App. at 27. This can hardly be characterized as bad faith. Further, FMCC's motion for reconsideration was properly filed pursuant to Bankruptcy Rule 8011(b), which unambiguously provides that "motions for procedural orders, including any motion under Rule 9006, may be acted on at any time, [and that] [a]ny party adversely affected by such action may move for reconsideration, vacation, or modification of the action," Bankruptcy Rule 8011(b), within six days of the district court's denial of the underlying motion. Under these circumstances, it cannot be said that FMCC exhibited negligence or indifference to the bankruptcy procedural rules. Thus, the district court's dismissal of FMCC's appeal, under the circumstances, constitutes an abuse of discretion. Fitzsimmons, 920 F.2d at 1472; Donovan, 871 F.2d at 808-09. We therefore REVERSE and REMAND for further proceedings not inconsistent with this opinion.