**Gregory Foster ARNOLD,**
**Plaintiff–Appellant,**

v.

**G.E. CAPITAL AUTO LEASE,**
**INC., Defendant–Appellee.**

No. 01–6319.

United States Court of Appeals,
Sixth Circuit.

April 8, 2003.

Before: SILER and BOGGS, Circuit Judges; and STEEH, District Judge.*

SILER, Circuit Judge.

Plaintiff Gregory Arnold appeals the dismissal of his bankruptcy appeal by the district court below, arguing that the district court erred in denying his motion to

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

allow the late filing of his appellate brief. For the following reasons, we AFFIRM.

## BACKGROUND

Arnold filed a Chapter 13 bankruptcy petition in 1996. One objective of this petition was to convert Arnold's vehicle lease agreement with defendant GE Capital into a purchase. The matter proceeded in the bankruptcy court, and Arnold received a discharge on June 8, 1999. A dispute developed, however, when GE Capital repossessed the vehicle and sold it at auction following the debtor's discharge. Arnold filed a motion to reopen the case, and GE Capital filed a motion for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. The bankruptcy court, on February 7, 2000, granted GE's request for relief from the confirmation order based on the "equities of the case."

Arnold filed a timely notice of appeal from the bankruptcy court order. The Notice to Parties was issued on March 15, 2000. Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Arnold had fifteen days, or until March 30, 2000, to file his appellant's brief with the district court.[1] On December 26, 2000, Arnold filed a motion to waive Rule 8009, a proposed brief, and an affidavit of his attorney in support of the motion. The district

court denied the motion and dismissed the appeal.

## STANDARD OF REVIEW

We review the district court's dismissal of this bankruptcy appeal pursuant to Rule 8009 for abuse of discretion. *In re Salter*, No. 92–4300, 1993 WL 366363, at *1 (6th Cir.1993) ("A district court's dismissal for non-compliance with non-jurisdictional bankruptcy rules is reviewed for an abuse of discretion").

## DISCUSSION

Bankruptcy Rule 8001(a) allows a district court to dismiss bankruptcy appeals for non-prosecution. *Salter*, 1993 WL 366363, at *1. This Circuit, however, adheres to the admonition "that a late filing does not justify dismissal of the appeal absent a showing of bad faith, negligence, or indifference." *Id.* In the instant case, Arnold filed his brief nearly nine months late. His attorney's affidavit, which was presented to the district court, avers that a series of unforeseen "catastrophes" prevented attorney Frank E. Watkins, Jr. from filing this brief on time.[2]

The district court noted that the last event had occurred on or about July 5, 2000, but that Watkins failed to give a reason for the lapse of an additional six months, from that point, before filing the brief. The court further observed that,

---

1. Arnold contends that, allowing three days for mailing, he had until April 2, 2000, to file his brief. We need not address this question, however, given that the brief was filed well beyond either of those dates.

2. These events include: (1) the destruction by fire of a rental house in Knoxville, Tennessee, which was owned by Watkins, on March 30, 2000; (2) extensive damage caused by a tornado to Watkins's residence in Birmingham, Alabama, approximately one week later, which necessitated a hotel stay of several days and the initiation of ongoing repairs; (3) the involvement of Watkins and his wife in a car

accident on April 20, 2000 which "caused whiplash neck injuries and back injuries ....[which] made it painful and difficult [for Watkins] to sit at [his] desk and work"; and (4) damage to another of Watkins's homes, in Knoxville, caused by a falling limb during a storm sometime shortly after July 4, 2000. Watkins further avers that, after the first three events, he "became somewhat depressed with the effort and seeming futility of fulfilling [his] commitments," but that he had begun to recover over the July 4 holiday and had mailed a formal notice of address change to the district court clerk.

"[i]n his affidavit, Mr. Watkins acknowledges that he anticipated that he might need to file a motion, but he did not do so." The court also reviewed Watkins's recounting of the difficulties he encountered working with other attorneys in closing his law practice but concluded that "these events do not establish cause for waiver of the Rule 8009 filing requirements." [3] Citing *Salter's* summation of this Circuit's requirement that bad faith, negligence, or indifference must be shown to justify dismissal due to a late filing, the court concluded that "the nearly nine month delay of the appellant in filing his brief is more than a late filing and constitutes negligence and indifference."

In arguing that the district court abused its discretion. Arnold cites a number of cases addressing the dismissal of bankruptcy appeals for omitted or untimely filings of briefs. Most of these cases are non-binding, as they originate in other Circuits, and nearly all are factually distinguishable from the case at bar. Only three involve time delays comparable to that in this case. *In re Beverly Manufacturing Corp.*, 778 F.2d 666 (11th Cir.1985), concerned a district court's *sua sponte* dismissal of a bankruptcy appeal after nine and a half months, for failure to file briefs within fifteen days of docketing.[4] In reversing the dismissal, the appellate court noted that "[h]ere appellant took all steps necessary for prosecution of the appeal except that of filing the brief; that element depended on delayed processing of the record." *Id.* at 667. While Arnold touts his diligence at all other steps of this appeal, his reasons for the delay in this case are substantially different from those in *Beverly*.

*Tampa Chain Co. v. Reichard*, 835 F.2d 54 (2d Cir.1987), dismissed a bankruptcy appeal in which the appellants had failed to file a brief after seven months. The district court had inquired as to why the appellants had not filed a brief, but the attorney proffered no reason or explanation therefor. Arnold seeks to distinguish this case by noting that the district judge in his case did not inquire about the failure to file; rather, Watkins filed a motion to waive Rule 8009, along with a proposed brief and an affidavit proffering reasons for the delay. It should be noted, however, that while the district court did not initiate an inquiry as to the reasons for the delay in this case, it permitted briefing on the subject (in which GE Capital filed a response to Arnold's motion, and Arnold filed a reply), following which it issued an opinion and order. The present case is distinguishable from *Reichard* by virtue of Watkins's detailed explanation for the delay, however.

Finally, in *Matter of Braniff Airways, Inc.*, 774 F.2d 1303 (5th Cir.1985), the Fifth Circuit upheld the dismissal of a bankruptcy appeal in which the appellant's brief had not been filed nineteen and a half months after the entry of the appeal. Though the appellant's attorney believed his brief had been filed, he discovered that it had never been delivered to the court, nor served upon or mailed to the appellee. *Id.* at 1304. In affirming, the court noted that "[t]here is no issue concerning the

---

**3.** The court further noted Watkins's statement that he had retained Arnold's case throughout this process, so that "as of September 21, 1999, it was apparent to Mr. Watkins that he was the lone attorney responsible for Mr. Arnold's case."

**4.** The appellant claimed that he never received notice that the appeal had been docketed, and thus had no knowledge of the deadline until he received a copy of the dismissal order. *Id.* at 666–67. He further claimed that he was advised by the clerk's office at the beginning of the appeal that docketing would be "substantially delayed," so that he was reasonable in waiting seven months before inquiring about the status of the case. *Id.* at 667.

good faith of either the appellant or its counsel, but the delay in considering the appeal might well be prejudicial to the appellee and others." *Id.* Moreover, the court declared:

When a district court dismisses a case in which it is the trial court for dereliction of counsel, we have frequently held that dismissal is a penalty of last resort, to be imposed only after clear delay or contumacious conduct by the plaintiff and a finding that lesser sanctions would not cure the problem. These cases do not state the standard for dismissal of an appeal. In reviewing actions taken by a district court in its appellate role, we affirm unless the court has clearly abused its discretion. Bankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution, and we have dismissed civil appeals for failure of prosecution when the appellant's brief was not timely filed.

*Id.* at 1305.

In his reply brief, Arnold cites cases reviewing the dismissal of cases in which the district court is the trial court, which utilize a "bad faith or contumacious conduct" standard. In reviewing the dismissal of a bankruptcy appeal, however, this court must adhere to the abuse of discretion standard. A court abuses its discretion when it "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *First Tech. Safety Sys. v. Depinet,* 11 F.3d 641, 647 (6th Cir. 1993). The district court in this case applied the correct legal standard and found, after considering the attorney's proffered reasons, that the more than nine-month delay in filing the appellate brief constituted negligence and indifference. Watkins's only response to the district court's notation of a six-month delay after the last "catastrophe" is a brief reference to the cumulative effects of the earlier unforeseen events. While Arnold cites numerous cases in which dismissal is premised on repeated dilatory tactics, there is nothing to indicate that such a finding is an absolute prerequisite to dismissal, or that the extensive delay involved here would not constitute "egregious" circumstances. Nor has Arnold produced a case which clearly indicates that the district court has misapplied the correct legal standard. Additionally, "[a]buse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989). We are have no such conviction with regard to the judgment made here. Thus, the district court did not abuse its discretion in dismissing the appeal.

**AFFIRMED.**