**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 10, 2004**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 03-20768**
**Summary Calendar**

_____

**IN THE MATTER OF BAQAR SHAH,**

Debtor,

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MAHENDRA R. MEHTA,**

Appellant,

versus

**BAQAR SHAH,**

Appellee.

---

**Appeal from the United States District Court**
**For the Southern District of Texas**
**Houston Division**
**H-03-CV-0808**

---

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      This case arises from the dismissal of Appellant Mahendra

Mehta's appeal to the district court from the bankruptcy court.

Mehta initiated an adversary proceeding against debtor Baqar Shah

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeking the nondischargeability of a $2.42 million judgment for fraud. However, because Mehta failed timely and properly to replead his case in accordance with a court order, the bankruptcy judge dismissed the case on January 14, 2003.

Mehta timely filed his notice of appeal on January 23, 2003, to the district court. Under 11 U.S.C. § 8006, Mehta's statement of issues was due ten days later on February 3, 2003. Instead of filing the statement of issues on February 3rd as required, Mehta filed a motion to extend time to file issues on appeal. Because the motion was mistakenly filed in the bankruptcy court, the district court was not given the opportunity to rule on the motion. Mehta filed the statement of issues in the district court on February 12, nine days late. On March 5, Shah filed a motion to dismiss for failure to timely designate the issues for appeal. The district court granted Shah's motion to dismiss on May 21, relying on the untimeliness of Mehta's statement of issues.

Rule 8001(a) states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." FED. R. BANKR. P. 8001(a). As this rule makes clear, only the failure to file the notice of appeal deprives the district court of jurisdiction. See also In re CPDC, Inc., 221 F.3d 693, 698 (5th Cir. 2000). The district court was not compelled to dismiss this appeal, although it might in the

2

exercise of sound discretion. <u>Id</u>. at 698-99. Nevertheless, "[d]ismissal is a harsh and drastic sanction that is not appropriate in all cases." <u>Id</u>. at 699.

In its order dismissing this appeal, the district court wrote that "[b]ecause the appellant's untimeliness, in filing his issues on appeal, is unexplained . . . this appeal has not been properly perfected." Thus, it appears that the court was under the mistaken belief that the failure to comply with Rule 8006 somehow affected its jurisdiction. We therefore **VACATE** the district court's order and **REMAND** for application of the correct legal standard. <u>See</u> <u>In re CPDC</u>, 221 F.3d at 699-700; <u>Matter of M.A. Baheth Constr. Co.</u>, 118 F.3d 1082 (5th Cir. 1997). However, it is the district court's duty, in the first instance, to determine whether the brief delay occasioned by the procedural error in this appeal ultimately warrants dismissal.

**VACATED** and **REMANDED.**