**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 18, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-10747
Summary Calendar

In The Matter of: KENNETH ALLEN GOLDBLATT,

Debtor,

KENNETH ALLEN GOLDBLATT,

Appellant,

versus

CAREY EBERT, Trustee,

Appellee.

Appeal from United States District Court
for the Northern District of Texas
No. 4:04-CV-337

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Kenneth A. Goldblatt challenges the determination of the district court that he failed to file

his brief on appeal, and the resultant orders that dismissed his bankruptcy appeal, without prejudice,

and denied his motion for new trial. We affirm.

---

*Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Goldblatt's appeal to the district court was docketed on May 4, 2004. On June 9, 2004, the district court noted that the appellate brief had not yet been filed, and ordered that Goldblatt file his brief no later than June 23, 2004, in order to pursue his appeal. The order stated that failure to "timely and completely comply with this order" would result in dismissal.[1]

The docket reveals that, on June 23, 2004, Goldblatt responded to the district court's order that the brief be filed. This response was unfiled by order of the district court on June 28, 2004. The notice of deficiency indicated that the brief must be separately filed as its own document and not attached as an exhibit to another document. The record contains only the first page of this response, stamped "UNFILED" over the June 23, 2004, 1:05 p.m., clerk of court stamp. On February 25, 2005, the district court dismissed Goldblatt's appeal, without prejudice, for failure to timely comply with Bankruptcy Rule 8006. The district court stated that Goldblatt's brief was due May 19, 2004, and, as of the February 2005 dismissal, the brief had not been filed.

Goldblatt appeals, contending that the district court erred in dismissing his appeal and in denying his motion for new trial because his brief was filed as a timely response to the district court's order that the brief be filed by June 23, 2004.

## II. STANDARD OF REVIEW

In reviewing an action taken by a district court in its appellate role, we affirm unless the court has clearly abused its discretion. *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305 (5th Cir. 1985). Similarly, we affirm unless the district court abused its discretion in its administrative handling of a

---

[1]This was the district court's "second show cause order." The first was an order that directed Goldblatt to file certain transcripts and/or other evidence. Thus, the "first show cause order" is unrelated to the dismissal for failure to file the brief, and is not at issue herein.

case, including its enforcement of the local rules and its own orders. *See Macklin v. City of New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002). "Dismissal is a penalty of last resort, to be imposed only after clear delay or contumacious conduct and a finding that lesser sanctions would not cure the problem". *Braniff*, 774 F.2d . at 1305. "[T]his court has held that, in reviewing a district court's dismissal of a bankruptcy appeal for non-jurisdictional defects under Federal Rule of Bankruptcy Procedure 8001(a), we should review the district court's action with attention to the prejudicial effect of delay on the appellees and the bona fides of the appellant." *In re: CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Braniff*, 774 F.2d at 1304).

## III. DISCUSSION

Bankruptcy Rule 8001(a) states, in pertinent part, that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." The Federal Rules of Bankruptcy Procedure were amended in 1995 to state that "[a] local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." Fed. R. Bankr. P. 8018(a)(2); 9029(a)(2). The plain language suggests that rules of form are just that–rules that require court submissions to be in a certain form. *El-Kaissi v. Martinaire, Inc.*, 2005 WL 2897055 *6 (S.D. Tex Nov. 3, 2005).

The purpose of this new language was "to protect against loss of rights in the enforcement of local rules relating to matters of form." Fed. R. Bankr. P. 9029 Advisory Committee's Note. The language was narrowly drawn to cover only violations that are not willful and that involve local rules directed to matters of form. *Id.* This 1995 amendment to Bankruptcy Rule 8018 does not limit the

court's power to impose substantive penalties upon a party for stubborn or repeated violations of a local rule by the party or its attorney. *Id.*[2] Likewise, Rule 8018 does not affect the court's power to enforce local rules that involve more than mere matters of form, such as a requirement that a jury trial be demanded within a specified time period to avoid waiver of the right to a trial by jury. *Id.*

The notice of deficiency is a form on the same page as the order that unfiled Goldblatt's June 23, 2004 response. It has thirteen enumerated, printed violations, with a place by each number to check which violation(s) caused the deficiency. The thirteenth violation is "Other" and has space for a handwritten description of the deficiency.

The notice of deficiency indicated that Goldblatt's June 2004 response violated United States District Court, Northern District of Texas Local Rule (LR) 7.1(I) or 56.6(a). Handwriting on the notice strikes out the word "motion" and inserts the word "response." As altered, it reads "The response must include documentary or nondocumentary evidence in a separate appendix. See LR 7.1(I) or LR 56.6(a)." The violation is further explained by additional handwriting as "your appellate

---

[2]*See also* Fed. R. Bankr. P. 8018 Advisory Committee's Note ("This rule is similar to Rule 47 [of the Federal Rules of Appellate Procedure] and Rule 83 [of the Federal Rules of Civil Procedure]. Local rules governing procedure before the bankruptcy courts may be promulgated under [Bankruptcy] Rule 9028."); Fed. R. Civ. P. 83 Advisory Committee's Note, 1995 Amendment:

Paragraph (2) is new. Its aim is to protect against loss of rights in the enforcement of local rules relating to matters of form. For example, a party should not be deprived of a right to a jury trial because its attorney, unaware of–or forgetting–a local rule directing that jury demands be noted in the caption of the case, includes a jury demand only in the body of the pleading. The proscription of paragraph (2) is narrowly drawn–covering only violations attributable to nonwillful failure to comply and only those involving local rules directed to matters of form. It does not limit the court's power to impose substantive penalties upon a party if it or its attorney contumaciously or willfully violates a local rule, even one involving merely a matter of form. Nor does it affect the court's power to enforce local rules that involve more than mere matters of form–for example, a local rule requiring parties to identify evidentiary matters relied upon to support or oppose motions for summary judgment.

brief must be separately filed as its own document; it may not simply be attached as an exhibit to another document."

In deciding to dismiss the appeal and deny the motion for new trial, the district court relied on Goldblatt's failure to separately file the brief when he filed the response to the district court's order, even though the purpose of the response was to file the brief. The dismissal stated that Goldblatt's brief was over nine months late and that because this was not the first instance of his dilatoriness in prosecuting this appeal, the appeal should be dismissed. In the order denying the motion for new trial, the district court elaborated on the tardiness of the brief as follows:

> [Goldblatt] contends that this Court's review of the record is erroneous, in that he timely filed his appellate brief. [Goldblatt] apparently refers to his response to the Court's second show-cause order, which response he filed on June 23, 2004. [Goldblatt] attached a copy of his appellate brief as an exhibit to that response. That response was, however, unfiled by an order filed on June 28, 2004, *which order specifically indicated that the 'appellate brief must be separately filed* as its own document; it may not simply be attached as an exhibit to another document.' The response to the show-cause order was not thereafter refiled, and *the appellate brief never was filed separately with the clerk*. Thus, it is [Goldblatt]'s review of the record that is in error.

Goldblatt did not file his brief timely according to Bankruptcy Rule 8009(a), though it appears his brief was filed as an attachment within the extension delay. Nevertheless, we find no abuse of the district court's discretion in dismissing the appeal.

Arguably, Goldblatt initially did not willfully fail to file his brief. The district court acknowledged that the brief was filed on June 23, 2004, and the Trustee does not indicate that she did not receive the brief. That brief placed her on notice that the issue was whether the bankruptcy court erred by "refusing to compel the Trustee to abandon a claim for rent on commercial real estate

5

that at all times relevant was a valuable asset of the bankruptcy estate or owned by Goldblatt."[3] Goldblatt did not refile the brief as ordered in the notice of deficiency. Goldblatt claims that the original record shows his March 2005 attempt to re-file the brief after the February 2005 dismissal, but that is of no moment: Goldblatt had from the June 2004 unfiling to the February 2005 dismissal for refiling, but did not refile during that time. While there was likely little or no prejudice to the Trustee from the delay between the May 2004 docketing of the case, and the June 2004 filing of the brief, we cannot say the same about the delay between the June 2004 unfiling and the alleged March 2005 attempt to refile the brief. It does not constitute an abuse of the district court's discretion to determine that Goldblatt's failure to refile the brief–after being told to do so–demonstrates a certain stubbornness or willfulness sufficient to warrant dismissal.

## IV. CONCLUSION

Finding no abuse of discretion, we AFFIRM the district court's orders dismissing the appeal without prejudice and denying the motion for new trial. Costs shall be borne by the Appellant.

---

[3]We note here only that an issue was stated in the brief. We make no finding whether this statement of the issue is sufficient, as that question is not before this court.