United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-21079
Summary Calendar

_____

In The Matter Of: BAQAR SHAH

Debtor

_____

MAHENDRA R MEHTA,

Appellant,

versus

KENNETH HARRIS, Chapter 7 Trustee;
HOEHN/ANSELMO; ROLAND HOEHN; MARY PAT HOEHN;
ROWENA ANSELMO; FREDDIE ANSELMO; LARRY BAILEY;
MARY BAILEY; IRIS HENRY; BRINDA TURNER;
WILLIAM BUENO; SAUL ECHEVARRIA; YESENIA ECHEVARRIA;
LEROY JOHNSON, JR; MARTIN MORENO; MARIA ASCENCION;
SETH GASKILL; THERESA GASKILL; SCOTT OSTERBERG;
ANDREA OSTERBERG; WAUKEGAN CHURCH OF GOD; BRUCE HUGO;
WILLIS OWENS; DONNA OWENS; KEVIN A WILLIAMS;
MELISSA R WILLIAMS; KIMBERLY MCMILLON; WADDIOUS MCMILLON;
EUN HOE LEE; BRYAN BAREIKA; KAREN BAREIKA; BERNICE WATKINS;
WILLIE PETERSON; WILLIE PETERSON; MAXINE PETERSON;
LORENZO TUCKER; KIMBERLY ANN TUCKER,

Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
Docket No. 4:05-CV-2621

_____

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant Mahendra Mehta appeals the district court's dismissal of his appeal and imposition of sanctions for filing a frivolous appeal. Mehta appealed to the district court from a bankruptcy court's imposition of sanctions for filing a lawsuit asserting claims owned by the bankruptcy estate in direct violation of a court order. He now argues that the district court has jurisdiction to hear the appeal and that the court erred in striking documents from the record. Because we agree with the district court that this appeal is frivolous, we AFFIRM.

## I. Background

The history of Mehta's abuse of the litigation process is long and tortured. The instant case arises out of Debtor Baqar Shah's 2001 petition for bankruptcy. Mehta, a licensed attorney, is a judgment creditor of the Debtor. On January 9, 2003, Mehta filed with the bankruptcy court an emergency motion to file a lawsuit against the Debtor on behalf of the bankruptcy estate. The bankruptcy court heard Mehta's motion on February 3, 2003, but, prior to the hearing and unknown to the bankruptcy court and the Trustee, Mehta filed a lawsuit in the Trustee's name. That same day the bankruptcy court denied Mehta's motion. Despite this order, Mehta continued to prosecute the action in the Trustee's name. The bankruptcy court granted the Trustee's motion to dismiss the lawsuit and ordered sanctions against Mehta based upon his filing and continued prosecution of the lawsuit after the court

2

denied him the authority to do so. The bankruptcy court ordered Mehta to pay approximately $53,000 in attorneys' fees, pursuant to 11 U.S.C. § 1927 and the court's inherent powers to deter the wrongful conduct of vexatious litigants. Mehta appealed the order to the district court, which dismissed the appeal as frivolous and imposed sanctions. He now appeals to this court.

## II. Discussion

This is just the latest in a series of frivolous filings and appeals by Mehta. See, e.g., In re Shah, 96 F.App'x. 943 (5th Cir. 2004) (unpublished). In this case, Mehta again shows an inability to follow federal court orders. The bankruptcy court explicitly denied Mehta's request to file a lawsuit on behalf of the bankruptcy estate. Nevertheless, Mehta filed the lawsuit and continued its prosecution in direct violation of the bankruptcy court's order.

The district court did not abuse its discretion in dismissing Mehta's appeal as frivolous. See In re Braniff Airways, 774 F.2d 1303, 1305 (5th Cir. 1985). Mehta, the bankruptcy court, and the district court are well aware of the lengthy record in this case, and we will not reiterate the extent of Mehta's vexatious use of the judicial system. The bankruptcy court's imposition of sanctions for Mehta's violation of a federal court order was wholly within its discretion, rendering Mehta's appeal to the district

court frivolous.  See In re McDonald, 264 F.3d 1140 (5th Cir. 2001) (unpublished).

Mehta prolonged the course of this litigation by appealing the district court's equally proper dismissal of his appeal to this court.  Mehta has pursued several unsuccessful appeals to this court and has been warned by this court to desist from burdening this court with frivolous appeals.  See, e.g., Mehta v. Havis (In re Shah), 2006 WL 2683386, at *1 n.2 (5th Cir. Sept. 29, 2006) (unpublished); In re Shah, 96 F.App'x 943 (5th Cir. 2004) (unpublished).  We now hope to end his illegitimate campaign.

It is ORDERED that we will accept no more notices of appeal from Mehta in cases arising in or related to the underlying Baqar Shah bankruptcy without a prior motion and order of this court permitting appeal.

**AFFIRMED; SANCTIONS ORDERED.**

4