# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2013

Lyle W. Cayce
Clerk

No. 13-40512
Summary Calendar

In the Matter of: HOWARD D. KOLLINGER,

Debtor.

HOWARD D. KOLLINGER,

Appellant,

v.

R. MARK HOYLE,

Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CV-675

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Howard D. Kollinger appeals the district court's dismissal of his appeal

from the bankruptcy court for failing to file a timely appellate brief. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**I**

This appeal arises out of an adversary proceeding filed by appellee R. Mark Hoyle against appellant Howard D. Kollinger as part of Kollinger's Chapter 7 bankruptcy case. This adversary proceeding was tried before the bankruptcy court and judgment was entered in favor of Hoyle on August 30, 2011. On September 9, Kollinger filed a timely Notice of Appeal with the bankruptcy court. A few days later, Kollinger also timely designated items to be included in the record on appeal. On October 20, 2011 the bankruptcy court docketed a Transmittal of Record on Appeal to the U.S. District Court for the Eastern District of Texas. That same day, the district court received the Notice of Appeal, the parties' designations of the record on appeal, and an official transcript of the bankruptcy court's proceedings from the bankruptcy court. These documents were entered on the docket of the district court on October 23, 2011.

Electronic notice was served on Kollinger's counsel, Bretton Gerard, but the nature and effectiveness of that notice is not entirely clear. From Gerard's first appearance as counsel for Kollinger in the underlying case, Gerard changed law firms four different times and used or registered five different email addresses with the bankruptcy court. However, throughout this time Gerard did not update his contact information with the district court. According to the Case Management/Electronic Case Files (CM/ECF), on October 20, the bankruptcy court sent electronic notice of the transmittal of the record to two email addresses: bgerard@fishmanjackson.com and brettongerard@gmail.com. Both of these email accounts seem to have been active at the time. The Gmail account was listed on the Motion to Reopen the Appeal in the district court and the Notice of Appeal to the Fifth Circuit filed

in the instant proceeding.  The Fishman Jackson email address was listed on the notice of appeal from the bankruptcy court filed on September 9, 2011.

On October 23, the district court sent electronic notice of the docketing of the appeal, this time to the email address on file with the district court clerk's office: gerard@gslb.com.  In his affidavit, Gerard states that he left Gerard Singer Levick & Busch, the namesake of the gslb.com email address, in August 2007.  This means that the address on file with the district court was at least four years old but was never updated by Gerard.  Gerard's affidavit states that he contacted the district court in November 2011 to "inquire about the procedure involved in docketing the appeal" and was told by the clerk to "check back with the Court after the first of the year for more information." The district court has no record of this inquiry, but regardless, Gerard did not contact the district court again.

Nothing further transpired for the next nine months.  Gerard never filed a brief or a motion with the court asking for an extension of time to file a brief. On July 30, 2012, the judicial assistant for the district court judge contacted both parties and instructed them to "please file [their] briefs immediately." The deadline for filing a brief had expired on November 6, 2011.[1]  Gerard responded that he was on vacation but could file a brief by August 22, a full ten months after the appeal was docketed.  On August 9, 2012, the district court entered an Order of Dismissal for Want of Prosecution.  Gerard filed a Motion to Reopen the Appeal, but the district court denied the motion.  This appeal followed.  Currently, the Chapter 7 Trustee in the Kollinger bankruptcy case awaits the outcome of this appeal before he will make distributions to Kollinger's creditors and close the bankruptcy estate.

---

[1] *See* FED. R. BANKR. P. 8009(a)(1).

No. 13-40512

## II

We have previously held that dismissal of an appeal is a "harsh and drastic sanction."[2] But we have also held that this court will only overturn a district court's dismissal of an appeal if the district court abused its discretion, by applying an erroneous view of the law.[3] Further, in reviewing a district court's dismissal of an appeal for non-jurisdictional defects under Federal Rule of Bankruptcy Procedure 8001(a), this court must pay special attention to "the prejudicial effect of delay on the appellees and the bona fides of the appellant."[4] With this in mind, we hold that the district court did not abuse its discretion in dismissing the appeal after Kollinger failed to file a brief for nearly ten months after the appeal was docketed.

## III

Federal Rule of Bankruptcy Procedure 8001(a) vests district courts with the discretion to dismiss an appeal.[5] It states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal."[6] Rule 8009(a)(1) requires that the "appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007."[7] Rule 8007(b) states that after receiving the record for appeal, the district court clerk "shall enter the appeal in the docket and give notice promptly to all parties to

---

[2] *In re CPDC Inc.*, 221 F.3d 693, 699 (5th Cir. 2000).

[3] *Id.* at 698.

[4] *Id.* (quoting *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1304 (5th Cir. 1985)).

[5] FED. R. BANKR. P. 8001(a).

[6] *Id.*

[7] *Id.* 8009(a)(1).

the judgment."[8]  Reading these rules together, a district court has discretion to dismiss an appeal if the appellant has failed to file a brief within 14 days after entry of the appeal on the docket and after notice has been sent by the clerk.  Here, the case was entered on the docket on October 23, 2011.

Kollinger contends that his clock to file the appeal never ran out because it could not start running until he—or his counsel—received actual notice of the docketing of the appeal with the district court.  Kollinger concludes that because his counsel, Gerard, did not receive actual notice until the district court clerk called him on July 30, 2012, his brief was not late when the case was dismissed on August 9.  This argument fails.

First, Gerard's failure to receive the notice was entirely of his own making.  Eastern District of Texas Local Rule CV-5(a)(3) provides that,

> (A)  Electronic transmission of a document to the Electronic Filing System consistent with these rules, together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes and constitutes entry of the document on the docket kept by the clerk. . . .

> (C)  Service is deemed completed at the "entered on" date and time stated on the Notice of Electronic Filing from the court . . . .[9]

Electronic notices of the entries on the district court's docket were sent to Kollinger's counsel, Gerard, via the email address on file with the clerk's office. While Gerard's affidavit states that he no longer used this email address at that time, the responsibility to update his contact information falls squarely on him.  The time limits provided by the Federal Rules of Bankruptcy Procedure are designed so that bankruptcy proceedings may be resolved

---

[8] *Id.* 8007(b).

[9] E.D. TEX. R. CV-5(a)(3).

expeditiously. It cannot be that the time limits are indefinitely suspended whenever counsel for a party changes his contact information without notifying the court. In fact, the local rules in the district court imposed an affirmative duty on Gerard to "maintain [his] own account information, including changes in email address."[10] This comports with this court's precedent, which levies on parties "a duty of diligence to inquire about the status of a case,"[11] as well as the text of Rule 8007(b) which mandates only that the district court shall "give notice," not that the notice be effectively received by the parties.[12]

Further, even if the district court failed to ensure that Gerard received notice, the bankruptcy court had supplied him with notice. The bankruptcy court emailed his still active email accounts to alert him that it had transmitted the records to the district court. Any prudent lawyer would be aware that docketing of the appeal was imminent at that point, but Gerard evidently made no effort to check whether his appeal had been docketed. Gerard's affidavit states that he contacted the district court clerk in November 2011 and was told to check back after "the first of the year for more information." Yet Gerard never checked back after the first of the year and made no effort in the appeal until he was contacted by the district court judicial assistant eight months later.[13]

---

[10] E.D. TEX. R. CV-5(a)(2)(A).

[11] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

[12] FED. R. BANKR. P. 8007(b); *cf. United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007) ("Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination . . . and was actually received by the person to whom it was addressed.") (internal quotation marks omitted).

[13] Even if the time limits ran from the date that the judicial assistant called Gerard to ask him about his brief, on July 30, 2012, the time still would have expired before Gerard would have filed his brief. In that phone conversation Gerard stated that he would not be able to file a brief until August 22, 2012—*still* outside of the time window of Rule 8009(a)(1).

Kollinger's reliance on *Jewelcor Inc. v. Asia Commercial Co.*[14] is misplaced. In *Jewelcor*, the Third Circuit reversed the dismissal of a bankruptcy appeal for failing to file a brief.[15] But in that case, the district court had failed to send any notice at all.[16] Here, the district court sent notice—Gerard just failed to receive it because he had not updated his contact information with the district court. Further, the brief in *Jewelcor* was merely a few weeks late.[17] Here, the appeal was not dismissed until ten months after the case was docketed. Upholding the dismissal here is in accord with previous cases in which this court has affirmed dismissals of bankruptcy appeals when an attorney failed to file a brief for months,[18] and failed to provide the court with a timely copy of the trial record.[19]

While it is true that some mistakes are excusable, as this court is reluctant to punish the client for the mistakes of his attorney, no excuse justifies failing to file a brief for ten months. In determining whether an attorney's failure is the product of excusable neglect, we consider "the danger of prejudice to [the appellee], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[20] Here, the delay was lengthy, it was solely the fault of the attorney, and any relief from dismissal would prejudice the creditors of the

---

[14] 11 F.3d 394 (3d Cir. 1993).

[15] *Jewelcor*, 11 F.3d at 398-99.

[16] *Id.* at 396.

[17] *Id.*

[18] *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1304 (5th Cir. 1985).

[19] *Pyramid Mobile Homes, Inc. v. Speake*, 531 F.2d 743, 746 (5th Cir. 1976).

[20] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

bankruptcy estate—who are waiting on this appeal "to run its course" before they can receive distributions from the bankruptcy trustee. Here, "as in virtually any bankruptcy proceeding, time is the essence of prejudice to creditors."[21]  Accordingly, we hold that the district court did not abuse its discretion in dismissing the appeal.

*     *     *

**AFFIRMED.**

---

[21] *Pyramid Mobile Homes*, 531 F.2d at 746.